Tommie Charles DUNCAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00784–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1999.

Stephen Morris, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices MIRABAL, HEDGES, and SMITH.[1]

---

[1] The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participation by assignment.

## OPINION

ADELE HEDGES, Justice.

Appellant pled guilty to aggravated robbery, and the jury assessed punishment at 40 years in prison. We affirm.

## BACKGROUND

Appellant pled not guilty at the arraignment. After voir dire was completed and the jury was impaneled, in the presence of the jury, appellant changed his plea to guilty. Appellant acknowledged that the change in plea was done freely, voluntarily, and without coercion. The trial judge then proceeded to the punishment phase before the jury without orally admonishing appellant. No written admonishments appear in the record.

In three related points of error, appellant argues that the trial judge committed reversible error by failing to admonish him about the range of punishment and the deportation consequences of a guilty plea, rendering his plea involuntary. We disagree.

## STANDARD OF REVIEW

■ Before accepting a guilty plea, the trial judge must admonish the defendant of the range of punishment, as well as the plea's affect on the defendant's citizenship. Tex.Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). However, the failure to admonish a defendant is not automatic reversible error and is subject to harm analysis. *Aguirre–Mata v. State*, 992 S.W.2d 495, 498–99 (Tex.Crim.App.1999).

Under Texas Rule of Appellate Procedure 44.2, the two standards of harm analysis are rule 44.2(a) ("constitutional error") and rule 44.2(b) ("other errors"). Tex. R.App. P. 44.2. When applying the "constitutional error" standard under rule 44.2(a), "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App. P. 44.2(a). When applying the "other errors" standard under rule 44.2(b), non-constitutional errors are to be disregarded, unless they affect the substantial rights of the appellant. Tex.R.App. P. 44.2(b).

■ In *Aguirre–Mata*, the court of criminal appeals held that this Court erred when it applied the constitutional error standard in a failure to admonish case. 992 S.W.2d at 498–99. In so holding, the court of criminal appeals stated that the admonishments under Texas Code of Criminal Procedure article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial judge in making the determination that a guilty plea is knowingly and voluntarily entered. *Id.* Therefore, the "other errors" standard of harm analysis must be applied to cases involving the failure to admonish. *Id.*

## RANGE OF PUNISHMENT

■ Because the trial judge did not admonish appellant about the range of punishment, he did not substantially comply with article 26.13(a). Tex.Code Crim. Proc. Ann. art. 26.13(a). Nevertheless, the error was harmless, because appellant's substantial rights were not affected. *See* Tex. R.App. P. 44.2(b).

Appellant was well aware of the range of punishment for the offense of aggravated robbery. He signed and filed a motion for the jury to assess punishment, which stated that the range of punishment for this offense was "5 to 99 years in prison or life in prison." Additionally, in voir dire, the trial judge stated in his presence that the punishment range for this offense was "not less than five years or more than 99 years or life, ... fine ... not to exceed ten thousand dollars."

Therefore, appellant's substantial rights were not affected, and the trial judge's failure to admonish on the range of punishment was a harmless, non-constitutional error. *See* Tex.R.App. P. 44.2(b).

Appellant's second point of error is overruled.

## DEPORTATION CONSEQUENCES

■ The trial judge did not admonish appellant about the deportation consequences of his guilty plea, in further violation of article 26.13(a). TEX.CODE CRIM. PROC. ANN. art. 26.13(a). Nevertheless, the error was again harmless. *See* TEX.R.APP. P. 44.2(b).

■ The failure to admonish a defendant about deportation consequences is not reversible error if the record affirmatively establishes the defendant is a U.S. citizen. *See Cain v. State*, 947 S.W.2d 262, 265–66 (Tex.Crim.App.1997). The record in this case reflects that appellant was born in Houston, Texas. As such, appellant is a non-deportable citizen of the United States, rendering the deportation admonishment inapplicable. *Id.* A reversal based on this error would be "an absurd result." *Id.*

Appellant's third point of error is overruled.

## VOLUNTARINESS OF PLEA

■ The voluntariness of a guilty plea is determined by the totality of the circumstances. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.). When a defendant attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that the plea was involuntary. *Id.*

The following occurred in the presence of the jury:

THE COURT: To which indictment, the defendant enters his plea of?

[APPELLANT]: Guilty.

THE COURT: Guilty?

[APPELLANT]: Yes, sir.

THE COURT: You're entering a plea of guilty?

[APPELLANT]: Yes, sir.

THE COURT: Before the jury freely and voluntarily?

[APPELLANT]: Yes, sir.

THE COURT: Nobody is coercing you to do this, you're doing this because this is what you want to do?

[APPELLANT]: Yes, sir.

Accordingly, appellant has presented no evidence from the record to overcome his burden.

Appellant's first point of error is overruled.

We affirm the judgment of the trial court.