Louis Manuel **TORRES, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

No. 01–00–01006–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 2001.

Ken Goode, Houston, for Appellant.

Calvin Hartmann, Assistant District Attorney, Houston, for State.

Panel consist of Justices MIRABAL, NUCHIA, and PRICE.

## OPINION

PRICE,[1] Justice.

Louis Manuel Torres, Jr. appeals a conviction following a plea of no contest claiming that the trial court failed to admonish him as to his duty to register as a sexual offender. We affirm.

### Factual and Procedural Background

Appellant was charged by indictment with the offense of aggravated sexual assault on a person younger than 14 years of age. Without a plea bargain agreement, appellant waived trial by jury, stipulated to his guilt, and entered a plea of no contest to the offense. Following a presentence investigation, the court assessed punishment at five years in prison. Appellant was also required to register as a sexual offender.

### Failure to Admonish

In appellant's sole point of error, he contends his plea of no contest was involuntary because the trial court did not admonish him regarding his duty to register as a sexual offender under chapter 62 of the Code of Criminal Procedure. The State, citing *Ruffin v. State*, 3 S.W.3d 140,

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

143 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd), claims that the requirement to register as a sex offender is not a direct consequence of a plea to aggravated sexual assault, but rather a consequential one; therefore, the failure to admonish was harmless error.

### I. Standard of Review

■ Before accepting a guilty plea, the trial court must admonish the defendant of the range of punishment, including the fact that the defendant will be required to register as a sexual offender, if applicable. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2001). However, the failure to admonish a defendant is not automatic reversible error and is subject to harm analysis. *Aguirre–Mata v. State*, 992 S.W.2d 495, 498–99 (Tex.Crim.App.1999).

Under Texas Rule of Appellate Procedure 44.2, the two standards of harm analysis are rule 44.2(a) ("constitutional error") and rule 44.2(b) ("other errors"). When applying the "constitutional error" standard under rule 44.2(a), "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX.R.APP. P. 44.2(a). When applying the "other errors" standard under rule 44.2(b), nonconstitutional errors are to be disregarded, unless they affect the substantial rights of the appellant. TEX.R.APP. P. 44.2(b).

■ In *Aguirre–Mata*, the court of criminal appeals held that this Court erred when it applied the constitutional error standard in a failure to admonish case. 992 S.W.2d at 498–99. In so holding, the court of criminal appeals stated that the admonishments under Code of Criminal Procedure article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial judge in making the determination that a guilty plea is knowingly and voluntarily entered. *Id.* Therefore, the "other errors" standard of harm analysis must be applied to cases involving the failure to admonish. *Id.*

### II. Analysis

■ A no contest plea is voluntary if the defendant is aware of the direct consequences of that plea. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). Direct consequences of a plea are generally those listed in the article 26.13 admonishments. *See State v. Vasquez*, 889 S.W.2d 588, 590 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Effective September 1, 1999, article 26.13 was amended to require an admonishment as to registration under the Sex Offender Registration Program. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon Supp. 2001).

■ In *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997), the court of criminal appeals held that a failure to admonish under article 26.13(a)(4) is subject to a harmless error analysis. The court of criminal appeals clarified this required harmless error analysis in *Carranza v. State*, 980 S.W.2d 653 (Tex.Crim.App. 1998). Under *Carranza*, a court does not substantially comply with article 26.13(a) when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.* at 655–56 (holding that trial court did not substantially comply with article 26.13(a)(4) when it failed to admonish defendant, either orally or in writing, regarding deportation consequences of his plea); *see Duncan v. State*, 6 S.W.3d 794, 796 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The court further held that this error was nonconstitutional error subject to a rule 44.2(b) harmless error analysis. *Id.* at 656. The court struggled with defining an appropriate standard of review due

to the "substantial compliance" language implicit in Code of Criminal Procedure article 26.13(c) (Vernon 1997). *Id.* at 657–58. But the court determined that under rule 44.2(b), when there has been no substantial compliance with the admonishment requirements of article 26.13, a defendant is required to show no more than his unawareness of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* at 658.

■ Here, the trial court erred by failing to admonish appellant on the statutorily required sex offender registration. But appellant has failed to show that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. Appellant admitted he had sexual intercourse with the complainant, a 13–year–old girl. DNA testing showed appellant fathered the complainant's baby. Appellant signed written admonishments that included the range of punishment. He also understood the trial court would assess punishment within the applicable punishment range. Appellant clearly understood he would be found guilty and sentenced accordingly if he pleaded no contest. There is no evidence he would not have pleaded guilty if the trial court had admonished him on sex offender registration. The registration requirement did not affect the range of punishment. We hold the appellant has not shown reversible error, and overrule point of error one.

We affirm the judgment.