# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00364-CR

**Wilmer Cruz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 005676, HONORABLE JON N. WISSER, JUDGE PRESIDING

Appellant Wilmer Cruz pleaded guilty to aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). The district court assessed punishment at imprisonment for thirty years. In his only point of error, appellant contends the court should have granted his motion for new trial on the ground that his plea was not knowingly and voluntarily entered. We will overrule this contention and affirm.

Appellant is a native of Honduras who speaks Spanish. He was represented at trial by a Spanish-speaking attorney. In addition, an interpreter was appointed to translate the trial proceedings into Spanish. Appellant nevertheless contends that he misunderstood statements made by the court and pleaded guilty under the mistaken belief that he was to receive a five-year term of imprisonment.

There was no plea bargain. Before accepting appellant's plea, the district court properly admonished appellant regarding the full range of punishment. Thereafter, appellant

(presumably speaking through the interpreter) and the judge engaged in a colloquy regarding how the appropriate punishment would be determined in this cause. Appellant repeatedly stressed that this was his first offense and asked for another chance. The judge asked appellant what he meant by "another chance." Appellant replied, "To be able to get out and to be able to take care of my children." Told that a prison term was mandatory, appellant said, "Yeah, but what I want is for that period of time not – for it not to be so long because it is my first time." The judge assured appellant that he "would take that into consideration. I would look at what you have done in your entire life. If you've ever been in trouble or not, I would listen to whatever witnesses you have that would say good things about you, I would listen to the district attorney's evidence and then I would decide what would be the appropriate punishment. It could be 5 years; it could be 99 years. I don't know at this time because I have not heard the evidence."

Appellant persisted in his desire to plead guilty and assured the court that it was his free and voluntary decision. The court assessed punishment after hearing testimony from numerous witnesses, both for the State and for the defense, at a later hearing.

At the hearing on his motion for new trial, appellant testified that he "thought the judge was going to give me the five years that he talked to me about when I said I would plead guilty." Appellant's counsel at the time he entered his plea testified to the considerable effort he took to explain the proceedings to appellant. Counsel said he never promised appellant that he would receive only five years in prison.

The voluntariness of a guilty plea must be determined from the record as a whole. *Campbell v. State*, 5 S.W.3d 693, 701 (Tex. Crim. App. 1999). The record before us shows that

2

appellant was carefully and fully admonished as to the full range of punishment and told that the court would consider the full range of punishment in light of the relevant evidence. While it is clear that appellant hoped he would receive the minimum punishment, there is nothing in the record to support his claim that he believed that this would be the case. Appellant did not meet his burden of demonstrating that his guilty plea was involuntary. *See Duncan v. State*, 6 S.W.3d 794, 796 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). The point of error is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: February 28, 2002

Do Not Publish

3