TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00364-CR







Wilmer Cruz, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 005676, HONORABLE JON N. WISSER, JUDGE PRESIDING







Appellant Wilmer Cruz pleaded guilty to aggravated sexual assault. See Tex. Pen.
Code Ann. § 22.021 (West Supp. 2002). The district court assessed punishment at imprisonment
for thirty years. In his only point of error, appellant contends the court should have granted his
motion for new trial on the ground that his plea was not knowingly and voluntarily entered. We will
overrule this contention and affirm.

Appellant is a native of Honduras who speaks Spanish. He was represented at trial
by a Spanish-speaking attorney. In addition, an interpreter was appointed to translate the trial
proceedings into Spanish. Appellant nevertheless contends that he misunderstood statements made
by the court and pleaded guilty under the mistaken belief that he was to receive a five-year term of
imprisonment.

There was no plea bargain. Before accepting appellant's plea, the district court
properly admonished appellant regarding the full range of punishment. Thereafter, appellant
(presumably speaking through the interpreter) and the judge engaged in a colloquy regarding how
the appropriate punishment would be determined in this cause. Appellant repeatedly stressed that
this was his first offense and asked for another chance. The judge asked appellant what he meant
by "another chance." Appellant replied, "To be able to get out and to be able to take care of my
children." Told that a prison term was mandatory, appellant said, "Yeah, but what I want is for that
period of time not - for it not to be so long because it is my first time." The judge assured appellant
that he "would take that into consideration. I would look at what you have done in your entire life. 
If you've ever been in trouble or not, I would listen to whatever witnesses you have that would say
good things about you, I would listen to the district attorney's evidence and then I would decide what
would be the appropriate punishment. It could be 5 years; it could be 99 years. I don't know at this
time because I have not heard the evidence." 

Appellant persisted in his desire to plead guilty and assured the court that it was his
free and voluntary decision. The court assessed punishment after hearing testimony from numerous
witnesses, both for the State and for the defense, at a later hearing.

At the hearing on his motion for new trial, appellant testified that he "thought the
judge was going to give me the five years that he talked to me about when I said I would plead
guilty." Appellant's counsel at the time he entered his plea testified to the considerable effort he
took to explain the proceedings to appellant. Counsel said he never promised appellant that he
would receive only five years in prison.

The voluntariness of a guilty plea must be determined from the record as a whole. 
Campbell v. State, 5 S.W.3d 693, 701 (Tex. Crim. App. 1999). The record before us shows that
appellant was carefully and fully admonished as to the full range of punishment and told that the
court would consider the full range of punishment in light of the relevant evidence. While it is clear
that appellant hoped he would receive the minimum punishment, there is nothing in the record to
support his claim that he believed that this would be the case. Appellant did not meet his burden of
demonstrating that his guilty plea was involuntary. See Duncan v. State, 6 S.W.3d 794, 796 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd). The point of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: February 28, 2002

Do Not Publish