NO. 07-03-0020-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 13, 2003


______________________________



ALVIN RAY COOPER
,




 Appellant


v.



OFFICER GILBERT CARLOS AND OFFICER TERRY MITCHELL, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 88343-B; HON. JOHN BOARD, PRESIDING


_______________________________


 

 ORDER DISMISSING APPEAL 


_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Alvin Ray Cooper (Cooper) appeals from an order of the trial court dismissing his
suit for want of prosecution. The order was allegedly signed on December 2, 2002. 
Furthermore, no affidavit or like document enabling him to proceed as an indigent on
appeal was submitted along with or prior to the date he filed his notice of appeal. Nor did
he pay the requisite filing fee of $125. See Tex. R. App. P. 5. That the fee went unpaid
was brought to Cooper's attention via a letter from this court dated January 4, 2003. 
Through that missive, the court also told him that his failure to pay the fee could result in
the dismissal of the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c)
(authorizing the dismissal of an appeal because the appellant failed to comply with a rule
of procedure, court order or a notice from the clerk requiring a response or other action
within a specified time). 

 Rather than send the requisite filing fee, Cooper mailed to the court a document
entitled "Appellant's Affidavit of Inability to Pay Costs." So too did he allege in the cover
letter accompanying the document that the trial court had allowed him to proceed as an
indigent when he first filed suit. Neither, however, relieves him of the need to pay the
requisite filing fee. Regarding the former document, it fails to comport with the
requirements of an affidavit of indigence described under Texas Rule of Appellate
Procedure 20.1(b). Nor was it filed within the deadlines prescribed by Texas Rule of
Appellate Procedure 20.1(c)(1) (requiring the affidavit to be filed before or with the notice
of appeal). Nor did Cooper move to extend the deadline or file the document at issue
within the time for moving to extend the foregoing deadline. See Tex. R. App. P. 20.1(c)(3)
(stating that one may move to extend the deadline within 15 days after the deadline
expires). 

 As to the statement that the trial court allowed him to proceed as an indigent when
suit was originally filed, that matters not. That one may have been granted leave to
proceed as a pauper at trial does not 1) entitle him to proceed in that status on appeal or
2) relieve him of his duty to comply with Rule 20.1. Holt v. F. F. Enterprises, 990 S.W.2d
756, 758 (Tex. App.--Amarillo 1998, pet. ref'd). Therefore, Cooper was required to timely
file a new and current affidavit of indigence complying with Rule 20.1, and he did not. 

 The appeal is dismissed pursuant to Texas Rule of Appellate Procedure 42.3(c). 

 

 Per Curiam 


 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 


160;                                   Appellee

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19791-B; HON. DAVID L. GLEASON, PRESIDING
_______________________________

                                           On Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Kenneth Lawrence, Jr., was convicted of failing to register as a sex offender. After
trial commenced, he changed his plea to guilty and, after a punishment trial to the court, 
punishment was assessed at ten years confinement and a fine of $1,000.
 
          Appellant’s appointed counsel filed a motion to withdraw, together with an Anders



brief wherein he certified that, after diligently searching the record, he concluded that the
appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter
sent to appellant informing him of counsel’s belief that there was no reversible error and
of appellant’s right to file a response or brief pro se. By letter dated July 9, 2009, this court
also notified appellant of his right to tender his own brief or response and set August 10,
2009, as the deadline to do so. To date, no such brief or response has been received. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
various phases of the proceeding including 1) the indictment, 2) pre-trial motions, 3)
objections made during the presentation of evidence, 4) the punishment hearing, and 5)
the sentence. Additionally, appellate counsel discussed the effectiveness of trial counsel
and explained why he believed there were no arguable grounds for appeal. 
          We have also conducted our own review of the record pursuant to Stafford v. State,
813 S.W.2d 504 (Tex. Crim. App. 1991). In doing so, we ascertained that, prior to
accepting appellant’s guilty plea, the trial court failed to admonish him of the range of
punishment and of his possible deportation if he was not a citizen of the United States. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) & (4) (Vernon 2009) (requiring the court
to so admonish a defendant prior to accepting his plea of guilty); Duncan v. State, 6
S.W.3d 794, 795 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d) (discussing the failure of
the trial court to so admonish the defendant prior to his plea of guilty to the jury). And,
while there are circumstances that may render harmless these omissions, the record
before us is not sufficient to make that determination. This is so because a transcription
of voir dire was not requested or made part of the appellate record. It is therefore at least
arguable whether appellant’s plea of guilty was knowing and voluntary. 
          That being so, we grant counsel’s motion to withdraw and abate and remand this 
proceeding to the trial court for the appointment of new counsel. The trial court shall
further order the newly appointed counsel to file an appellant’s brief, as per the Texas
Rules of Appellate Procedure, developing the aforementioned ground if it proves to be
viable and any other grounds for appeal that might support reversal or modification of the
judgment. Any responding brief which the State wishes to file shall be filed within 30 days
after the filing of appellant’s brief. Finally, the trial court shall cause the name, address,
telephone number, and state bar number of the new counsel to be included in a
supplemental transcript which shall be filed with the clerk of the court by September 18,
2009.  
                                                                           Per Curiam
 
Do not publish.