11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Terrance Adrian Campbell

Appellant

Vs.                   No.
11-02-00222-CR B Appeal from Dallas County

State of Texas

Appellee

 

Terrance
Adrian Campbell entered a plea of guilty to the offense of aggravated robbery
of an elderly person and a plea of true to the enhancement allegation that he
had a prior felony conviction for burglary of a habitation.  Appellant elected to enter his plea to a
jury and to have the jury assess his punishment.  The jury convicted appellant and assessed his punishment at
confinement for 99 years.  We affirm.

In his
sole issue on appeal, appellant contends that the trial court erred by failing
to properly admonish him pursuant to TEX. CODE CRIM. PRO. ANN. art. 26.13
(Vernon 1989 & Supp. 2003). 
Specifically, appellant contends that the trial court failed to admonish
him concerning the range of punishment, concerning the possibility of
deportation, and concerning his mental capacity. 

The
judgment recited that appellant was admonished as to the consequences of his
guilty plea and that Ait
plainly appear[ed] to the court that defendant [was] mentally competent.@  The
record reflects that appellant, his counsel, and the trial court discussed
punishment.  Appellant rejected the
State=s offer of 30 years, argued with the trial
court that that was a Along
time,@ and asked the trial court and the
State:  AAin=t no way you can go down any?  Can=t you go down none?@  The trial court explained to
appellant that he had two choices: 
either accept the 30-year offer by the State or go to trial where the
jury could give him anywhere from 15 years to 99 years or life.








The trial
court did not admonish appellant that, if he was not a citizen of the United
States, his guilty plea could result in his deportation.  However, the pen packet admitted into
evidence without objection stated that appellant was born in Dallas County,
Texas.  When the record reflects that
the defendant is in fact a citizen of the United States, failure to admonish
concerning deportation is harmless error.  
Cain v. State, 947 S.W.2d 262 (Tex.Cr.App.1997); Duncan v.
State, 6 S.W.3d 794 (Tex.App. - Houston [1st Dist.] 1999, pet=n ref=d).

Appellant
did not raise the issue of his mental competency to stand trial.  The trial court had the opportunity to
observe appellant during the two-day proceedings and, as stated in the
judgment,  concluded that appellant was
competent. 

The trial
court substantially complied with the requirements of Article 26.13.  Appellant has not established that the trial
court erred.  The sole issue is
overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.