In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-199 CR


____________________



DAVID KIRKSEY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 23,100






OPINION


 David Kirksey, Jr. ("Appellant") was charged with unauthorized use of a motor
vehicle, Tex. Pen. Code Ann. § 31.07 (Vernon 2003) (Count I) and injury to a child,
Tex. Pen. Code Ann. § 22.04(a)(3) (Vernon 2003) (Count II). A jury found him guilty
on Count I, not guilty on Count II, and the trial court imposed a sentence of two years as
a State Jail Felony probated for five years. On appeal, Appellant raises two issues: (1)
alleged error by the trial court in limiting his cross-examination of a key prosecution
witness; and (2) alleged error by the trial court in admitting photographs into evidence in
violation of a pre-trial order. We will affirm.

 Although no challenge is raised to the sufficiency of the evidence, some factual
background is necessary to understand the issues raised on appeal. Appellant and Barbara
Kirksey were married, but their relationship was a stormy one. They had been separated
since 2000, and were in the process of seeking a divorce. Barbara had four children,
including two from previous relationships: Shapheka Davis (eleven years old at the time
relevant herein) and Quintoryerous Sawyer. Appellant acted as their step-father. On or
about June 19, 2002, Appellant, apparently drunk, arrived at Barbara's Angelina County
trailer home around midnight. He kicked down the door, and confronted Barbara. He
appeared angry and upset. Appellant stayed at the house approximately ten minutes, then
Barbara saw him leave in his blue pickup truck. Barbara called her sister, Marilyn Davis,
and 911. The sheriff's department, Marilyn, and her boyfriend arrived at the trailer about
the same time. The sheriff's deputies eventually left, and Marilyn remained at the home
attempting to help Barbara fix the door. Shapheka went outside. When Barbara heard
Shapheka yelling, Barbara looked and saw her daughter in her sister's car with Appellant
trying to drive away. Shapheka was able to get free, but Appellant drove off in Marilyn's
car. Appellant eventually drove the vehicle through a fence surrounding the property of
Lufkin Industries, totaling the vehicle and damaging company property. 

Limitation on Cross-Examination

 In Issue One, Appellant contends the trial court erroneously limited his right to
cross-examine State's witnesses by excluding: (1) evidence that a State witness was on
deferred adjudication and hence had a bias and motive to testify; (2) evidence that a
witness offered to "drop charges" if Appellant paid restitution; and (3) a photograph after
admitting a verbal account of the same evidence. He contends the cumulative effect of
these rulings violated his Sixth Amendment right to confront and cross-examine the State's
witnesses and his right to present and develop a defense in violation of the Due Process
Clause. 

Witness on Deferred Adjudication - Impeachment Evidence

 Appellant contends the trial court erred in not allowing him to cross-examine his
estranged wife, Barbara Kirksey. He relies on Maxwell v. State, 48 S.W.3d 196, 200
(Tex. Crim. App. 2001), which held that cross-examination of a State's witness on his or
her deferred adjudication status is permissible in order to demonstrate a potential motive,
bias or interest to testify for the State. The State, while conceding that Maxwell recognized
a witness's deferred adjudication status as a proper topic of cross-examination contends:
(1) that Appellant never properly questioned the witness regarding her placement on
deferred adjudication, thus failing to preserve error; and (2) that even assuming the witness
was properly questioned regarding deferred adjudication, any error by the trial court was
harmless.

 We agree with the State that Barbara Kirksey was never properly questioned
regarding her being placed on deferred adjudication. The record shows that in his cross-examination of Barbara Kirksey, defense counsel asked her when she got on "probation," (1)
to which the District Attorney objected. At a conference at the bench, the District
Attorney stated that Kirksey was on deferred adjudication. The trial judge instructed
counsel: "Don't talk about whether or not she is on probation or not. They said deferred
adjudication -- okay." No further questions raised the subject matter. We conclude from
reading the record that the trial judge's admonition did not prevent Appellant's counsel
from further questions as to deferred adjudication. Cf. Evans v. State, 60 S.W.3d 269,
271-72 (Tex. App.--Amarillo 2001, pet. ref'd). Even were we to conclude otherwise, no
objection was made, and any potential error was not preserved. Tex. R. App. P. 33.1(a). 

Alleged Offer to Drop All Charges in Exchange for payment for damages

 Appellant also contends the trial court erred in excluding evidence of an offer by
Marilyn Davis, Barbara Kirksey's sister and the owner of the vehicle, alleged to have been
taken by Appellant, to drop all charges against Appellant if he paid her restitution for her
vehicle. 

 At trial, defense counsel questioned Davis and showed her Defense Exhibit 5, stated
to be a picture of a vehicle alleged to have been loaned to Davis by Appellant, and then
wrecked by her boyfriend. The following occurred during this questioning:

 Q. (BY DEFENSE COUNSEL): Do you know, Ms. Davis, that your mother
called me and to get - - to try to get David (Appellant) to pay for this car you
say he ran into the fence out there. Do you know that?


 A. (BY DAVIS): Yes, sir.


 Q. You was there when she called trying to get money from him, weren't
you?


 A. Yes, sir.


 Q. Said she would drop the charges if you would pay for - -


 (DISTRICT ATTORNEY): Well, I object to what the lady said
because it is hearsay.


 THE COURT: Sustain that objection. Disregard that last portion
about dropping the charges. 


 The trial court correctly sustained the hearsay objection; defense counsel was
soliciting an answer which would constitute "a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to prove the truth of
the matter asserted." Tex. R. Evid. 801(d). This is not admissible. Tex. R. Evid. 802. 
Appellant did not make any additional effort to bring in the information regarding the
alleged offer to drop the charges. No formal bill of exceptions was filed. See Tex. R.
App. P. 33.2. As nothing was preserved for appeal, this contention is overruled.

Denial of Admission of Photograph


 Appellant contends the trial court erred in excluding a photograph, "that will
correlate to show the animosity and bias between the parties of . . . in regard to an
automobile [Appellant] loaned them, they wrecked and didn't pay for." The record
indicates that the picture was not of Davis' automobile, but another automobile. The trial
court sustained the State's objection. 

 For an item of evidence to be relevant, i.e., to alter the probabilities of the existence
of the consequential fact, it must logically increase one's knowledge and enhance the
likelihood of ascertaining the truth about the fact. Sorensen v. State, 856 S.W.2d 792, 794
(Tex. App.--Beaumont 1993, no pet.). The consequential fact in this case was the
unauthorized use of Davis's car. That some other vehicle may have been wrecked by the
witness at a different time is of no relevance to the issue to be decided in this case. We
find no error, and Issue One is overruled. 




Alleged Erroneous Admission of Photographs not produced for defense


in compliance with pre-trial order 


 Appellant contends the trial court erred in permitting the State to introduce into
evidence certain photographs. He contends that their production to defense after jury
selection and on the eve of trial was in violation of the court's own pre-trial order setting
a deadline for producing the photographs. 

 The State contends initially that Appellant failed to make a proper objection to the
photographs. The objection made was: "And I'm going to object to any of the
photographs that were furnished to me being introduced into evidence because I received
them post-voir dire." To preserve error for appellate review, the record must show,
initially, that Appellant made a timely and specific objection. See Tex. R. App. P. 33.1;
Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). An objection is sufficient
to preserve error for appellate review if it communicates to the trial court what the
objecting party wants, why the objecting party thinks himself entitled to relief, and does
so in a manner clear enough for the court to understand the objection at a time when it is
in a position to do something about it. Simmons v. State, 100 S.W.3d 484, 493 (Tex.
App.--Texarkana 2003, pet. ref'd) (citing Lankston v. State, 827 S.W.2d 907, 908-09
(Tex. Crim. App. 1992)). It is clear from the colloquy among counsel and the court that
all parties understood that Appellant was objecting to the timeliness of the State's
production of certain photographs in alleged violation of the pre-trial discovery order. The
issue has been preserved for appellate review. 

 Defense is entitled to discovery under Art. 39.14

 Article 39.14 of the Code of Criminal Procedure provides, in part, that the trial
court, on motion of defendant, "may order the State . . . to produce and permit the
inspection and copying or photographing by or on behalf of the defendant of any
designated documents, papers, written statement of the defendant, (except written
statements of witnesses and except the work product of counsel in the case and their
investigators and their notes or report), books, accounts, letters, photographs, objects or
tangible things not privileged, which constitute or contain evidence material to any matter
involved in the action and which are in the possession, custody or control of the State or
any of its agencies. The order shall specify the time, place and manner of making the
inspection and taking the copies and photographs of any of the aforementioned documents
or tangible evidence . . . ." (Emphasis added). This limited right of discovery,
independent of the constitutional right of access to exculpatory evidence, is limited in
nature, and decisions thereon are within the discretion of the trial court. Kinnamon v.
State, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), overruled on other grounds, Cook v.
State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). In Kinnamon, defendant did not
request, either in the written motion, or orally, to schedule a time, place or manner of the
requested discovery, and the court held that, under such circumstances, it was not error
for the trial court not to set such a schedule. Id. at 92. When no specific time, place or
manner of discovery of the requested materials is specified by the court's order, production
of such materials immediately prior to trial does not violate the discovery order. Murray
v. State, 24 S.W.3d 881, 893 (Tex. App.--Waco 2000, pet. ref'd). 

 Appellant filed a motion for inspection, requesting the trial court to specify a time,
place and manner of such discovery. At the pre-trial hearing, it was acknowledged that
the district attorney maintained an "open file" policy, and the prosecutor stated that "any
of this stuff (referring to photographs) that I have, I'll show it to him." The trial court
orally granted the motion for inspection, but nowhere in the record is there any indication
that a specific time, place or manner of inspection was provided for. Immediately prior
to hearing testimony, Appellant's counsel complained that he had just received a packet
of many photographs, to which he objected that they had been received "post-voir dire." 
The prosecutor stated that he gave them to the defense "virtually the same day I got them
in my possession." The trial court overruled the objection and admitted the photographs. 

 As there was no time, place or manner specified by the trial court for the State to
respond to discovery, the prosecutor's production of the photographs immediately prior
to the taking of testimony was proper. See Murray, 24 S.W.3d at 93. (2) Further, in
Appellant's brief, he specifies the particular photographs given to him at the last minute. 
There were 24 photographs, 1 through 12 of which were not relevant to the issue now on
appeal. "The remaining Exhibits 13 through 24 shows the damage done to the car and the
scene where the car was discovered and thus are relevant to the unauthorized use charge." 
However, Appellant did not argue at trial, and does not demonstrate on appeal, how his
last minute acquisition of such photographs harmed his ability to prepare his defense. 
Even assuming for purposes of argument only that the State violated the discovery order,
such violation does not amount to constitutional error, and therefore will be disregarded
unless it affects the defendant's substantial rights. Tex. R. App. P. 44.2(b); Johnson v.
State, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Appellant, while properly contending
that the late-received photographic evidence was relevant, does not explain how his late
receipt affected his substantial rights. A substantial right is affected when the error had
a substantial and injurious effect or influence in determining the jury's verdict. A
conviction should not be overturned for error if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but
a slight effect. Duncan v. State, 95 S.W.3d 669, 672 (Tex. App.--Houston [1st Dist.]
2002, pet. ref'd). Appellant does not demonstrate how he was harmed, or how the jury
may have been influenced by the State's alleged error. Absent such showing there is no
reversible error. See Torres v. State, 59 S.W.3d 365, 367-68 (Tex. App.--Houston [1st
Dist.] 2001, no pet.). Issue Two is overruled.

 The judgment of the trial court is affirmed. 

 AFFIRMED.


 PER CURIAM


Submitted on February 23, 2004

Opinion Delivered March 17, 2004

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Apparently, for shooting at Appellant.
2. In State v. LaRue, 108 S.W.3d 431, 437 (Tex. App.--Beaumont 2003, pet.
granted), we held that when the record does not reflect a willful violation of a discovery
order by the State, the proper remedy is a continuance to allow the defense sufficient time
to prepare for the allegedly new evidence, even if neither party requested same. Id. In
view of our subsequent conclusion here that there was no harm shown, we do not address
that issue in this case.