NO. 07-09-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2009

_____

KENNETH LAWRENCE, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19791-B; HON. DAVID L. GLEASON, PRESIDING

_____

*On Abatement and Remand*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Kenneth Lawrence, Jr., was convicted of failing to register as a sex offender. After trial commenced, he changed his plea to guilty and, after a punishment trial to the court, punishment was assessed at ten years confinement and a fine of $1,000.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated July 9, 2009, this court also notified appellant of his right to tender his own brief or response and set August 10, 2009, as the deadline to do so. To date, no such brief or response has been received.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed various phases of the proceeding including 1) the indictment, 2) pre-trial motions, 3) objections made during the presentation of evidence, 4) the punishment hearing, and 5) the sentence. Additionally, appellate counsel discussed the effectiveness of trial counsel and explained why he believed there were no arguable grounds for appeal.

We have also conducted our own review of the record pursuant to *Stafford v. State,* 813 S.W.2d 504 (Tex. Crim. App. 1991). In doing so, we ascertained that, prior to accepting appellant's guilty plea, the trial court failed to admonish him of the range of punishment and of his possible deportation if he was not a citizen of the United States. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) & (4) (Vernon 2009) (requiring the court to so admonish a defendant prior to accepting his plea of guilty); *Duncan v. State,* 6 S.W.3d 794, 795 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd) (discussing the failure of the trial court to so admonish the defendant prior to his plea of guilty to the jury). And, while there are circumstances that may render harmless these omissions, the record

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

before us is not sufficient to make that determination. This is so because a transcription of voir dire was not requested or made part of the appellate record. It is therefore at least arguable whether appellant's plea of guilty was knowing and voluntary.

That being so, we grant counsel's motion to withdraw and abate and remand this proceeding to the trial court for the appointment of new counsel. The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned ground if it proves to be viable and any other grounds for appeal that might support reversal or modification of the judgment. Any responding brief which the State wishes to file shall be filed within 30 days after the filing of appellant's brief. Finally, the trial court shall cause the name, address, telephone number, and state bar number of the new counsel to be included in a supplemental transcript which shall be filed with the clerk of the court by September 18, 2009.

Per Curiam

Do not publish.