**Opinion issued March 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00394-CR

———————————

## HECTOR MARIO GONZALEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1397723**

---

## MEMORANDUM OPINION

Hector Mario Gonzalez pleaded guilty to the offense of aggravated robbery and elected to have a jury assess his punishment. The jury assessed his punishment at 30 years' confinement. Gonzalez now asserts that his judgment of conviction should be reversed on the ground that the trial court failed to admonish him on the

range of punishment before accepting his guilty plea. Because the record shows that Gonzalez was made aware of the correct range of punishment by other means, we hold that the trial court's failure to admonish him was harmless error and affirm the judgment.

## Background

The State charged Gonzalez with aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). It also sought to enhance his punishment based on a prior felony conviction for robbery.

Aggravated robbery generally is punishable by confinement for five to 99 years or life. TEX. PENAL CODE ANN. §§ 12.32(a), 29.03 (West 2011). But if a defendant previously has been convicted of certain felonies, like robbery, it is punishable by confinement for 15 to 99 years or life. TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2015); TEX. PENAL CODE ANN. § 29.02 (West 2011).

Gonzalez was arraigned and pleaded guilty to aggravated robbery. The record does not show that the trial court orally admonished Gonzalez on the range of punishment before accepting his guilty plea. No written admonishments are in the record either. But defense counsel stated that he and Gonzalez previously had discussed the decision to plead guilty and the issue of punishment at length. Gonzalez elected to have a jury assess his punishment.

2

During jury selection, which Gonzalez attended, both the prosecutor and defense counsel discussed the range of punishment. The prosecutor explained that the punishment range for aggravated robbery is between five and 99 years or life. He also explained that when a defendant previously has been found guilty of an offense and imprisoned, the range of punishment is between 15 and 99 years or life. Defense counsel remarked that the prosecutor "did a great job of going over the range of punishment" and reiterated the same ranges of punishment.

At the conclusion of jury selection and before the punishment phase of the trial began, Gonzalez was re-arraigned and pleaded guilty to aggravated robbery before the jury. The trial court then instructed the jury to find Gonzalez guilty in conformity with his plea, and the jury did so.

The punishment phase of the trial then took place. After the jury heard the evidence, the trial court instructed it to deliberate on Gonzalez's punishment. The jury charge, which was read in open court with Gonzalez present before the jury deliberated, stated the same ranges of punishment previously discussed by counsel during jury selection. There were no objections to the jury charge.

The jury found that the allegations concerning Gonzalez's prior felony conviction for robbery were true and assessed his punishment at 30 years' confinement. The trial court entered a judgment of conviction in accord with the jury's verdict. Gonzalez now appeals his judgment of conviction.

## Standard of Review

A defendant's plea of guilty must be knowing and voluntary. *Bowie v. State*, 135 S.W.3d 55, 62 (Tex. Crim. App. 2004). Before accepting a guilty plea, the trial court must admonish the defendant on the range of punishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2015). Failure to do so is error, but not constitutional error. *Aguirre-Mata v. State*, 125 S.W.3d 473, 473 (Tex. Crim. App. 2003); *Torres v. State*, 59 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Therefore, unless a court's failure to admonish affected the defendant's substantial rights, this error must be disregarded. TEX. R. APP. P. 42.2(b). A defendant's substantial rights are affected if he "probably would not have pleaded guilty but for the failure to admonish." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). But if the record shows that the defendant was made aware of the range of punishment by means other than formal admonishment, the failure to admonish does not affect the defendant's substantial rights. *E.g.*, *Burnett*, 88 S.W.3d at 639–41; *Duncan v. State*, 6 S.W.3d 794, 795–96 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Neither the defendant nor the State bears the burden to show harm in this context. *Burnett*, 88 S.W.3d at 638. Instead, we must review the record as a whole to determine whether a defendant was aware of the correct range of punishment, despite the trial court's failure to admonish him. *Burnett*, 88 S.W.3d at 638, 641. In

4

doing so, we may "consider record facts from which one would reasonably infer that a defendant did know the consequences of his plea or, in this case, was actually aware of the range of punishment." *Id.* at 638. Record facts from any stage of the proceedings may raise such an inference, even if the events in question occurred after the entry of the guilty plea, so long as these post-plea circumstances reasonably reflect upon the defendant's knowledge at the time the plea was entered. *Davison v. State*, 405 S.W.3d 682, 689 (Tex. Crim. App. 2013). In order "to warrant reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea." *Burnett*, 88 S.W.3d at 638.

### Awareness of Range of Punishment

The sole issue that Gonzalez raises on appeal is the trial court's failure to admonish him on the range of punishment before accepting his plea. He maintains the trial court erred by failing to do so and that, apart from the jury charge, the record is devoid of any reference to the correct range of punishment.

The State concedes that the trial court did not admonish Gonzalez on the range of punishment and that its failure to do so was error. But it contends that this error was harmless, because Gonzalez was made aware of the range of punishment by other means. In particular, the State notes that the correct range of punishment was discussed during jury selection and included in the jury charge, which was read aloud in Gonzalez's presence.

While it is undisputed that the trial court did not admonish Gonzalez on the range of punishment, the record also indicates that he was informed of the correct range of punishment by other means. First, defense counsel stated that he and Gonzalez had discussed the decision to plead guilty and the assessment of punishment at length before the plea was entered. Second, Gonzalez was present at jury selection, during which the prosecutor explained the correct range of punishment to potential jury members, both in general and in the event that the jury found that Gonzalez previously had been convicted of a felony. Defense counsel stated that the prosecutor "did a great job of going over the range of punishment" and reiterated the same ranges of punishment. Afterward, Gonzalez pleaded guilty before the jury. Third, the correct range of punishment was stated in the jury charge, which was read aloud in Gonzalez's presence, and elicited no objection. Taken together, these circumstances raise a reasonable inference that Gonzalez was aware of the correct range of punishment when he pleaded guilty.

It is well-established that a statement of the correct range of punishment during jury selection can be some evidence that a defendant knew of the potential punishment he faced at the time of his plea. In *Burnett*, the trial court failed to admonish the defendant on the maximum punishment. 88 S.W.3d at 636–37. But the Court of Criminal Appeals noted that the defendant did not plead guilty until after jury selection, during which the prosecution and the defense discussed this subject.

6

*Id.* at 639–40. Given this discussion, as well as other references to the maximum punishment contained in the record, including the jury charge, the Court of Criminal Appeals held that the trial court's failure to admonish was harmless. *Id.* at 641.

The circumstances of Gonzalez's plea are materially like those in *Burnett*. Though he initially pleaded guilty before jury selection, Gonzalez was re-arraigned and once again pleaded guilty after jury selection. Thus, just like the defendant in *Burnett*, Gonzalez entered his plea after hearing the correct range of punishment during jury selection. Moreover, even if his plea had been entered before jury selection, Gonzalez's failure to object or protest when the range of punishment was subsequently discussed in his presence during jury selection would raise a reasonable inference that he was aware of the range of punishment all along. *See Burnett*, 88 S.W.3d at 640 (noting that "the record reflects that appellant was present, and yet the record does not show that appellant or his counsel objected or attempted to withdraw his plea at any point during voir dire, despite the repeated references to the potential severity of the sentence that the jury would assess").

In addition, as Gonzalez concedes, the correct range of punishment was stated in the jury charge, which was read aloud in his presence. This occurred long after Gonzalez pleaded guilty, of course. But defense counsel did not object to the range of punishment stated in the jury charge. Nor did Gonzalez evince surprise at the range of punishment stated in the charge or otherwise protest the stated range of

punishment when it was read aloud. One may reasonably infer from these circumstances that Gonzalez was aware of the range of punishment. *See Burnett*, 88 S.W.3d at 640 (taking note of the fact that defense counsel "did not object to the charge" and the absence of an "on-the-record reaction or protest from appellant when the charge was read, when the jury returned its verdict on punishment, or at appellant's sentencing"); *see also Davison*, 405 S.W.3d at 688–89 (affirming on more limited facts than those in *Burnett* that failure to express surprise or protest range of punishment after entry of guilty plea is a circumstance relevant to harm analysis). As in *Burnett*, defense counsel also did not "attempt to develop a record to support a motion for a new trial on the grounds that the plea was not knowing and voluntary." 88 S.W.3d at 640–41.

In sum, the record contains references to the correct range of punishment under circumstances that raise a reasonable inference that Gonzalez was aware of the correct range of punishment when he pleaded guilty, and nothing in the record suggests that Gonzalez was unaware of it. Thus, the trial court's failure to admonish on the range of punishment did not affect the Gonzalez's substantial rights and is harmless error. *See Aguirre-Mata*, 125 S.W.3d at 476–77 (holding that trial court's failure to admonish defendant on range of punishment did not affect defendant's substantial rights when record contained references to correct range of punishment

and nothing in record showed that defendant was unaware of consequences of plea or that he was misled or harmed); *Burnett*, 88 S.W.3d at 641 (same).

## Conclusion

We conclude that the trial court's failure to admonish Gonzalez on the range of punishment was harmless error. We therefore affirm the judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).