David Brian ANDERSON, Appellant,

v.

The STATE of Texas, State.

Nos. 2–00–290–CR to 2–00–292–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 29, 2001.

The Kearney Law Firm and Wm. Reagan Wynn, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Charles M. Mallin, Chief, Appellate Section; C. James Gibson, Ben Leonard and Leticia Martinez, Assistant District Attorneys of Tarrant County, for appellee.

PANEL F: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

Appellant David Bryan Anderson appeals from his two convictions for aggravated sexual assault of a child under fourteen years of age and one conviction for indecency with a child. Appellant pleaded guilty before a jury to the offenses; the jury assessed punishment at seventy-five years' imprisonment for each of the aggravated sexual assault offenses and twenty years' imprisonment for the indecency offense; and the trial court ordered the sentences to run consecutively. In two points, appellant complains that the record fails to show that he was properly admonished. We affirm.

In his first point, appellant argues that his convictions should be reversed because the record fails to affirmatively reflect that he was properly admonished with regard to the constitutional implications of his pleas and because the record fails to reflect that his pleas were entered knowingly and voluntarily. On October 23, 2001, appellant filed a post-submission letter, conceding that a supplemental reporter's record from the arraignment reflects that he voluntarily and knowingly pleaded guilty to the offenses and that he was properly admonished regarding the range of punishment that could be assessed by a jury. Further, we note that appellant was not promised anything in return for pleading guilty, that he was found to be competent, and that he understood the nature of the arraignment proceeding and the potential outcome of trial as a result of his pleas. We overrule point one.

In point two, appellant argues that he was not properly admonished regarding the range of punishment and the requirement that he would have to register as a sex offender. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1), (5) (Vernon Supp. 2001); *see also id.* art. 62.01(5)(A) (defining reportable sex offenses). He also argues that the trial court failed to determine whether he was competent and whether his pleas were entered knowingly and voluntarily. As stated above, appellant now concedes that the record affirmatively reflects that the trial court properly admonished him regarding the possible range of punishment and that he stated his pleas were made "free and voluntarily." Further, the record shows the trial court determined that appellant was competent. Appellant still challenges the trial court's failure to admonish him regarding the requirement that he would have to register as a sex offender.

■■■ Pursuant to article 26.13(a) of the code of criminal procedure, before accepting a guilty plea, the trial court must admonish the defendant, orally or in writing, of the range of punishment, the possibility of deportation, and the fact that the defendant will be required to register as a sex offender, if applicable. *Id.* art. 26.13(a)(1)-(5), (d). The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Aguirre–Mata v. State*, 992 S.W.2d 495, 498–99 (Tex.Crim.App.1999). Thus, a trial court commits non-constitutional error when it fails to admonish a defendant on one of the statutorily required admonish-

ments. *Id.; Carranza v. State*, 980 S.W.2d 653, 655–56 (Tex.Crim.App.1998).

■■ Non-constitutional error is to be disregarded, unless it affects a substantial right of the appellant. TEX.R.APP. P. 44.2(b). In this context, a substantial right is affected if appellant was unaware of the consequences of his pleas and he was misled or harmed by the admonishment of the trial court. *Carranza*, 980 S.W.2d at 658.[1] We assess the harm to appellant, if any, after reviewing the record. *See Johnson*, 43 S.W.3d at 5.

Since article 26.13(a) was amended to include admonishments regarding the sex offender registration requirement, several courts of appeals have addressed the issue of whether a trial court's failure to admonish a defendant regarding the registration requirement affects a guilty plea. The majority of those courts have applied the *Carranza* standard of review in conjunction with the concepts of direct versus collateral consequences of a plea in determining whether reversible error occurred and the defendant's plea was invalidated. *See, e.g., Thompson v. State*, 59 S.W.3d 802, 806–07, 2001 WL 1231701, at *3–4 (Tex.App.—Texarkana 2001, no pet. h.); *Shankle v. State*, 59 S.W.3d 756, 759–62, 2001 WL 1044901, at *2–4 (Tex.App.—Austin 2001, pet. filed); *Ducker v. State*, 45 S.W.3d 791, 793–96 (Tex.App.—Dallas 2001, no pet.).

■■ Generally, if a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render the plea involuntary. *State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex.Crim.App.1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997), *cert. denied*, 525 U.S. 810, 119

---

1. Under *Carranza,* the defendant had the burden of proof to show he was unaware of the consequences of his plea and that he was misled or harmed by the admonishment of the trial court. *Carranza,* 980 S.W.2d at 658.

The court of criminal appeals has since made it clear that an appellant has no burden to show harm under rule 44.2(b). *Johnson v. State,* 43 S.W.3d 1, 5 (Tex.Crim.App.2001).

S.Ct. 40, 142 L.Ed.2d 31 (1998). Each of the courts cited above initially concluded that the admonishments under article 26.13(a)(5) regarding sex offender registration are only collateral and the failure to admonish a defendant, alone, does not invalidate a guilty plea. *See Thompson*, 59 S.W.3d at 806–07, 2001 WL 1231701, at *3–4; *Shankle*, 59 S.W.3d at 759–62, 2001 WL 1044901, at *2–4; *Ducker*, 45 S.W.3d at 793–96; *see also Ruffin v. State*, 3 S.W.3d 140, 145 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (holding sex offender registration is collateral consequence of plea); *Guzman v. State*, 993 S.W.2d 232, 235–36 (Tex.App.—San Antonio 1999, pet. ref'd), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000) (same). The courts then proceeded to apply the *Carranza* standard of review to the facts of the particular cases.

In *Thompson* and *Ducker*, the courts determined that in the absence of evidence that the defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment, no reversible error occurred. *See Thompson*, 59 S.W.3d at 807, 2001 WL 1231701, at *4; *Ducker*, 45 S.W.3d at 795–96. However, in *Shankle,* the court determined that, even though registration is a collateral consequence, the registration requirement was so serious that the trial court's failure to admonish the defendant regarding registration affected a substantial right and was reversible error. *See Shankle*, 59 S.W.3d at 761–62, 2001 WL 1044901, at *4.

One other court of appeals has addressed this issue and concluded that the error was harmless under the *Carranza* standard without engaging in an analysis of whether registration was a direct or collateral consequence of the defendant's plea. *See Torres v. State*, 59 S.W.3d 365, 367–68, 2000 WL 33593252, at *2 (Tex. App.—Houston [1st Dist.] 2001, no pet. h.).

In *Torres,* the court also found that the trial court's failure to admonish the defendant of the registration requirement was harmless error in the absence of evidence that the defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *Id.*

■ We are persuaded by the reasoning in *Ducker,* which we will not repeat here. We conclude that sex offender registration, while serious, is a collateral consequence of appellant's guilty pleas and that the trial court's failure to admonish him regarding the registration requirement did not render his pleas involuntary. *See Ducker*, 45 S.W.3d at 794–96.

Further, in the absence of evidence in the record that appellant was unaware of the consequences of his pleas and that he was misled or harmed by the trial court's admonishment, we conclude the trial court's failure to admonish appellant regarding the registration requirement was harmless error. *See Torres*, 59 S.W.3d at 367–68, 2000 WL 33593252, at *2; *Thompson,* 59 S.W.3d at 806–07, 2001 WL 1231701, at *3–4; *Ducker*, 45 S.W.3d at 793–96; *but see Shankle*, 59 S.W.3d at 759–62, 2001 WL 1044901, at *2–4. Appellant admitted committing the offenses, understood the range of punishment for the offenses and that the trial court would instruct the jury to find him guilty as a result of his guilty pleas, and knew that he would be sentenced accordingly. There is no evidence that he was unaware of the registration requirement or that he would not have pleaded guilty if the trial court had properly admonished him regarding registration. We overrule appellant's second point.

The trial court's judgments are affirmed.