Roger Vincent Ford v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-276-CR

ROGER VINCENT FORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Roger Vincent Ford was charged with one count of aggravated sexual assault of a child under the age of fourteen and three counts of indecency with a child by contact.  After accepting his open plea of guilty to the aggravated sexual assault charge, the court sentenced him to thirty-five years’ imprisonment.  In a single point, Ford complains that the trial court erred by failing to admonish him that he would have to register as a sex offender if he pleaded guilty.  We affirm.

II.  Background Facts

The clerk’s record shows that Ford signed written plea admonishments indicating his understanding of the punishment range for the first degree felony offense with which he was charged.  He then entered an open plea of guilty to the single count of aggravated sexual assault of a child.  No plea bargain had been arranged, and the prosecutor made no recommendation to the trial court regarding Ford’s punishment.  The trial court accepted Ford’s guilty plea, but withheld a finding of guilt pending completion of a presentence investigation report.  On June 28, 2002, the trial court found Ford guilty of aggravated sexual assault of a child and assessed his punishment at thirty-five years’ imprisonment.

III.  The Trial Court’s Admonishments

Ford complains on appeal that he was not admonished by the trial court that he would have to register as a sex offender if he pleaded guilty to the aggravated sexual assault charge.  He contends that this omission was a violation of article 26.13 of the code of criminal procedure.

Article 26.13(a)(5) requires a trial court to admonish a defendant of “the fact that the defendant will be required to meet the registration requirements of Chapter 62 [Sex Offender Registration Program], if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.”  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(5) (Vernon Supp. 2003).  Aggravated sexual assault is a reportable conviction or adjudication for which registration is required under the Sex Offender Registration Program.  
Id
.
 arts. 62.01(5)(A), 62.02.  The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered.  
Aguirre-Mata v. State
, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999); 
Anderson v. State
, 62 S.W.3d 304, 306 (Tex. App.—Fort Worth 2001, pet. filed).  Thus, a trial court commits non-constitutional error when it fails to administer one of the statutorily required admonishments to a defendant. 
Aguirre-Mata
, 992 S.W.2d at 498-99; 
Carranza v. State
, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998);
 Anderson
, 62 S.W.3d at 306.

Non-constitutional error is to be disregarded, unless it affects a substantial right of the appellant.  
Tex. R. App. P.
 44.2(b).  In this context, a substantial right is affected if appellant was unaware of the consequences of his plea and he was misled or harmed by the admonishment of the trial court. 
Carranza
, 980 S.W.2d at 658.  We assess the harm to appellant, if any, after reviewing the record.  
See Johnson v. State
, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001).

The written plea admonishments signed by Ford do not reference the registration requirement.  However, the official trial court reporter has notified this court in writing that no reporter’s record was made of the proceedings.  In fact, the written plea admonishments signed by Ford include the following affirmative waiver: “I waive my right to have a Court reporter make a record of these Court proceedings as provided by Rule 11 of the Texas Rules of Appellate Procedure.”  As a result, we have no way of determining what admonishments the trial court may have administered orally to Ford.  There is no evidence that Ford was not orally admonished of the registration requirement prior to entering his guilty plea.  In fact, the evidence before us indicates that Ford was aware of the consequences of his plea.

Even assuming Ford was not properly admonished regarding the sexual offender registration requirement, this court and others have held that the registration requirement is only a collateral consequence to a defendant’s guilty plea and that the failure to admonish a defendant of the registration requirement does not invalidate the plea.  
Alvarez v. State
, 63 S.W.3d 578, 583 (Tex. App.—Fort Worth 2001, no pet.); 
Thompson v. State
, 59 S.W.3d 802, 806-07 (Tex. App.—Texarkana 2001, pet. ref’d);
 
Ducker v. State
, 45 S.W.3d 791, 793-96 (Tex. App.—Dallas 2001, no pet.).  In the absence of evidence that Ford was unaware of the consequences of his plea and was misled or harmed by the trial court’s admonishment, we conclude that the trial court’s failure to admonish Ford of the registration requirement, if such an omission did in fact occur, was harmless.  
See Anderson
, 62 S.W.3d at 307; 
Thompson
, 59 S.W.3d at 807; 
Ducker
, 45 S.W.3d at 795-96;
 but see Shankle v. State
, 59 S.W.3d 756, 762 (Tex. App.—Austin 2001, pet. granted) (holding that the registration requirement is so serious that the trial court’s failure to admonish the defendant regarding registration affected a substantial right and was reversible error).  We overrule Ford’s point.

IV.  Conclusion

Having overruled Ford’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 29, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.