COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-276-CR
 
ROGER VINCENT FORD                                                       
   APPELLANT
V.
THE STATE OF TEXAS                                                       
       STATE
------------
FROM THE 371ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I.
Introduction
Appellant Roger Vincent Ford was charged with
one count of aggravated sexual assault of a child under the age of fourteen and
three counts of indecency with a child by contact. After accepting his open plea
of guilty to the aggravated sexual assault charge, the court sentenced him to
thirty-five years' imprisonment. In a single point, Ford complains that the
trial court erred by failing to admonish him that he would have to register as a
sex offender if he pleaded guilty. We affirm.
II.
Background Facts
The clerk's record shows that Ford signed
written plea admonishments indicating his understanding of the punishment range
for the first degree felony offense with which he was charged. He then entered
an open plea of guilty to the single count of aggravated sexual assault of a
child. No plea bargain had been arranged, and the prosecutor made no
recommendation to the trial court regarding Ford's punishment. The trial court
accepted Ford's guilty plea, but withheld a finding of guilt pending completion
of a presentence investigation report. On June 28, 2002, the trial court found
Ford guilty of aggravated sexual assault of a child and assessed his punishment
at thirty-five years' imprisonment.
III.
The Trial Court's Admonishments
Ford complains on appeal that he was not
admonished by the trial court that he would have to register as a sex offender
if he pleaded guilty to the aggravated sexual assault charge. He contends that
this omission was a violation of article 26.13 of the code of criminal
procedure.
Article 26.13(a)(5) requires a trial court to
admonish a defendant of "the fact that the defendant will be required to
meet the registration requirements of Chapter 62 [Sex Offender Registration
Program], if the defendant is convicted of or placed on deferred adjudication
for an offense for which a person is subject to registration under that
chapter." Tex. Code Crim. Proc. Ann. art. 26.13(a)(5) (Vernon Supp. 2003).
Aggravated sexual assault is a reportable conviction or adjudication for which
registration is required under the Sex Offender Registration Program. Id.
arts. 62.01(5)(A), 62.02. The admonishments under article 26.13(a) are not
constitutionally required because their purpose and function is to assist the
trial court in making the determination that a guilty plea is knowingly and
voluntarily entered. Aguirre-Mata v.
State, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999); Anderson
v. State, 62 S.W.3d 304, 306 (Tex. App.--Fort Worth 2001, pet. filed).
Thus, a trial court commits non-constitutional error when it fails to administer
one of the statutorily required admonishments to a defendant. Aguirre-Mata,
992 S.W.2d at 498-99; Carranza v. State,
980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998); Anderson,
62 S.W.3d at 306.
Non-constitutional error is to be disregarded,
unless it affects a substantial right of the appellant. Tex. R. App. P. 44.2(b).
In this context, a substantial right is affected if appellant was unaware of the
consequences of his plea and he was misled or harmed by the admonishment of the
trial court. Carranza, 980 S.W.2d
at 658. We assess the harm to appellant, if any, after reviewing the record. See
Johnson v. State, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001).
The written plea admonishments signed by Ford
do not reference the registration requirement. However, the official trial court
reporter has notified this court in writing that no reporter's record was made
of the proceedings. In fact, the written plea admonishments signed by Ford
include the following affirmative waiver: "I waive my right to have a Court
reporter make a record of these Court proceedings as provided by Rule 11 of the
Texas Rules of Appellate Procedure." As a result, we have no way of
determining what admonishments the trial court may have administered orally to
Ford. There is no evidence that Ford was not orally admonished of the
registration requirement prior to entering his guilty plea. In fact, the
evidence before us indicates that Ford was aware of the consequences of his
plea.
Even assuming Ford was not properly admonished
regarding the sexual offender registration requirement, this court and others
have held that the registration requirement is only a collateral consequence to
a defendant's guilty plea and that the failure to admonish a defendant of the
registration requirement does not invalidate the plea. Alvarez
v. State, 63 S.W.3d 578, 583 (Tex. App.--Fort Worth 2001, no pet.); Thompson
v. State, 59 S.W.3d 802, 806-07 (Tex. App.--Texarkana 2001, pet. ref'd); Ducker
v. State, 45 S.W.3d 791, 793-96 (Tex. App.--Dallas 2001, no pet.). In the
absence of evidence that Ford was unaware of the consequences of his plea and
was misled or harmed by the trial court's admonishment, we conclude that the
trial court's failure to admonish Ford of the registration requirement, if such
an omission did in fact occur, was harmless. See
Anderson, 62 S.W.3d at 307; Thompson,
59 S.W.3d at 807; Ducker, 45
S.W.3d at 795-96; but see Shankle v.
State, 59 S.W.3d 756, 762 (Tex. App.--Austin 2001, pet. granted) (holding
that the registration requirement is so serious that the trial court's failure
to admonish the defendant regarding registration affected a substantial right
and was reversible error). We overrule Ford's point.
IV.
Conclusion
Having overruled Ford's sole point, we affirm
the trial court's judgment.
 
                                                      
   SUE WALKER
                                                      
   JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 29, 2003

1. See Tex. R. App. P. 47.4.