DEARS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-016-CR

VINCENT A. DEARS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 17, 2002, Appellant Vincent A. Dears pleaded guilty to aggravated sexual assault of a child under fourteen years of age.  Prior to his plea, the trial court orally admonished Appellant of the consequences of his guilty plea; however, the court did not admonish him that as a consequence of his guilty plea he would be required to register as a sex offender in accordance with chapter 62 of the code of criminal procedure.  
See
 Tex. Code Crim. Proc. Ann.
 art. 62.02 (Vernon Supp. 2003).  After receiving Appellant’s plea, the court sentenced Appellant to seven years’ confinement.  In one issue on appeal, Appellant complains that the trial court committed reversible error when it failed to admonish him of his duty to register as a sex offender.  We affirm.

Pursuant to article 26.13(a) of the code of criminal procedure, before accepting a guilty plea, the trial court must admonish the defendant, orally or in writing, of the range of punishment, the possibility of deportation, and the fact that the defendant will be required to register as a sex offender, if applicable.  
Id
. art. 26.13(a)(1)-(5), (d).
(footnote: 2)  The purpose and function of the admonishments under article 26.13(a) is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered.  
Aguirre-Mata v. State
, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).  A trial court commits nonconstitutional error when it fails to admonish a defendant on one of the statutorily required admonishments.  
Id
.; 
Carranza v. State
, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998).

The issue Appellant raises is controlled by our previous decisions in 
Lopez v. State
, 71 S.W.3d 511 (Tex. App.—Fort Worth 2002, no pet.), 
Alvarez v. State
, 63 S.W.3d 578 (Tex. App.—Fort Worth 2001, no pet.), and 
Anderson v. State
, 62 S.W.3d 304 (Tex. App.—Fort Worth 2001, pet. filed).
(footnote: 3)  In 
Lopez
, we stated that “the sex offender registration requirement under article 26.13(a)(5) is only a collateral consequence of a guilty plea, and a trial court’s failure to admonish an appellant regarding registration, alone, does not invalidate a plea.”  71 S.W.3d at 515-16 (citing 
Alvarez
, 63 S.W.3d at 582 and  
Anderson
, 62 S.W.3d at 307).  Moreover, while “the registration requirement is a serious collateral consequence, a substantial right is affected under these circumstances only if the appellant was unaware of the consequences of his [or her] plea and was misled or harmed by the admonishment of the trial court.”  
Id
. (citations omitted).  

A criminal defendant bears the burden of proof to show that he or she was unaware of the consequences of his or her plea and that he or she was misled or harmed by the admonishment of the trial court.  
Carranza
, 980 S.W.2d at 658.  A defendant, however, has no burden to show harm under rule 44.2(b).  
Tex. R. App. P.
 44.2(b); 
Johnson v. State
, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).  We therefore assess the harm to Appellant, if any, after reviewing the record.  
Tex. R. App. P.
 44.2(b); 
Johnson
, 43 S.W.3d at 4.

Applying the foregoing standard, we hold that Appellant’s substantial rights were not affected by the trial court’s failure to comply with article 26.13(a)(5).  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(5).  Appellant admitted to sexually assaulting L.W., who was thirteen at the time of the offense.  Appellant understood the range of punishment for the offense and that the trial court would, upon a finding of guilt, sentence him within that range.  There is no evidence in the record that Appellant was unaware of the registration requirement or that he would not have pleaded guilty if the trial court had properly admonished him regarding registration. Accordingly, we overrule Appellant’s sole issue, and we affirm the trial court’s judgment.  
See Lopez
, 71 S.W.3d at 516; 
Alvarez
, 63 S.W.3d at 583;  
Anderson
, 62 S.W.3d at 307.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 31, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Article 26.13(a)(5) of the code of criminal procedure provides:

Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of . . . the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.

Id
. art. 26.13(a)(5).

3:
We decline to follow 
Shankle v. State
, as Appellant urges.  59 S.W.3d 756, 762 (Tex. App.—Austin 2001, pet. granted) (holding that even though registration is a collateral consequence, the trial court’s failure to admonish the defendant regarding registration affected a substantial right and was reversible error).  Were we to do so, we would be turning a blind eye toward 
Lopez
, 
Anderson
, and 
Alvarez
.  Under the doctrine of 
stare decisis
, we are bound by our own precedent “unless the strongest reasons exist for changing it.”  
Messina v. State
, 904 S.W.2d 178, 181 (Tex. App.—Dallas 1995, no pet.)  Because Appellant has not articulated any such reasons, we continue to follow 
Lopez
, 
Anderson
, and 
Alvarez
.  
See also
 
Vega v. State
, 84 S.W.3d 613, 625 (Tex. Crim. App. 2002) (citing 
Jordan v. State
, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (listing three factors for overturning precedent)).