COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-02-467-CR
    
                                                      2-02-468-CR

  
KEITH 
ALAN DENTON                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
    
------------
 
FROM 
THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Keith Alan Denton appeals his two convictions for aggravated sexual assault of a 
child under fourteen years of age. Denton pleaded guilty before a jury to both 
counts, and the jury assessed punishment at life imprisonment for each count. In 
one point, Denton contends that his guilty plea was involuntary due to the trial 
court’s failure to comply with article 26.13 of the Texas Code of Criminal 
Procedure. We will affirm.
        Denton 
complains that he was not properly admonished regarding the possibility of 
deportation and the requirement that he would have to register as a sex offender 
due to his guilty plea. See Tex. 
Code Crim. Proc. Ann. art. 26.13(a)(4), (5) (Vernon Supp. 2004). In 
addition, he complains that the trial court failed to determine that he was 
competent to enter his guilty plea.
        Pursuant 
to article 26.13(a) of the Texas Code of Criminal Procedure, before accepting a 
guilty plea, the trial court must admonish the defendant, orally or in writing, 
of the range of punishment, the possibility of deportation, and the fact that 
the defendant will be required to register as a sex offender, if applicable. Id. 
art. 26.13(a)(1)-(5), (d). The admonishments under article 26.13(a) are not 
constitutionally required because their purpose and function is to assist the 
trial court in making the determination that a guilty plea is knowingly and 
voluntarily entered. Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex. 
Crim. App. 1999). Thus, a trial court commits nonconstitutional error when it 
fails to admonish a defendant on one of the statutorily required admonishments. Id.; 
Carranza v. State, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998).
        Nonconstitutional 
error is to be disregarded, unless it affects a substantial right of the 
appellant. Tex. R. App. 44.2(b); Alvarez 
v. State, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.); Anderson 
v. State, 62 S.W.3d 304, 306 (Tex. App.—Fort Worth 2001, pet. filed). A 
substantial right is affected under these circumstances only if the appellant 
was unaware of the consequences of his plea and was misled or harmed by the 
admonishment of the trial court. Alvarez, 63 S.W.3d at 582-83; Anderson, 
62 S.W.3d at 307. We assess the harm to appellant, if any, after reviewing the 
record. Alvarez, 63 S.W.3d at 583; Anderson, 62 S.W.3d at 306.
        As 
a general rule, if a defendant is fully advised of the direct consequences of 
his plea, his ignorance of a collateral consequence does not render the plea 
involuntary. State v. Jimenez, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 
1999). In Alvarez and Anderson, we concluded that the sex offender 
registration requirement under article 26.13(a)(5) is only a collateral 
consequence of a guilty plea, and a trial court's failure to admonish an 
appellant regarding registration, alone, does not invalidate a plea. Alvarez, 
63 S.W.3d at 582; Anderson, 62 S.W.3d at 307. Additionally, the 
deportation consequence of a guilty plea is generally considered a collateral 
consequence. Jimenez, 987 S.W.2d at 888-89.
        Applying 
the above standard, we conclude that Denton’s substantial rights were not 
affected by the trial court’s failure to comply with article 26.13 of the 
Texas Code of Criminal Procedure. Tex. 
Code Crim. Proc. Ann. art. 26.13(a)(4), (5). The evidence in this case 
demonstrates that Denton admitted to sexually assaulting A.S., a child under the 
age of fourteen. At trial, he indicated that he understood the range of 
punishment for the offense. He also indicated that he was aware that the trial 
court would instruct the jury to find him guilty as a result of his plea and 
that the jury would assess his punishment accordingly.
        Our 
review of the record reveals no evidence indicating that Denton was unaware of 
the sex offender registration requirement, or that he would not have pleaded 
guilty if the trial court had properly admonished him regarding registration. See 
Alvarez, 63 S.W.3d at 583; Anderson, 62 S.W.3d at 307. In fact, the 
record indicates that Denton was aware of the sex offender registration 
requirement and actually offered the requirement as a basis for granting him 
probation.
        Moreover, 
there is no evidence in the record demonstrating that Denton was misled or 
harmed by the trial court’s failure to admonish him concerning the possibility 
of deportation. At trial, Denton never asserted that he was not a United States 
citizen, and no evidence in the record suggests he is not. In addition, Denton 
failed to file a motion for new trial claiming that he was subject to 
deportation based on his guilty plea. Therefore, in light of the absence of 
evidence in the record demonstrating that Denton was unaware of the consequences 
of his pleas or that he was misled or harmed by the trial court's admonishment, 
we conclude the trial court's failure to admonish him regarding the registration 
requirement and the possibility of deportation was harmless error. See 
Alvarez, 63 S.W.3d at 583; Anderson, 62 S.W.3d at 307.
        Denton 
also complains that the trial court erred by failing to inquire into his 
competency to stand trial as required under article 26.13(b) of the Texas Code 
of Criminal Procedure. Tex. Code Crim. 
Proc. Ann. art. 26.13(b). Pursuant to article 26.13(b), a trial court is 
not permitted to accept a defendant’s guilty plea “unless it appears that 
the defendant is mentally competent and the plea is free and voluntary.” Id. 
However, unless the issue of mental competency is raised at the time the plea is 
made, the trial court need not inquire into the defendant’s mental competency, 
and it is not error to accept the plea. Kuyava v. State, 538 S.W.2d 627, 
628 (Tex. Crim. App. 1976); Hall v. State, 935 S.W.2d 852, 855-56 (Tex. 
App.—San Antonio 1996, no pet.); Kinnard v. State, 767 S.W.2d 916, 919 
(Tex. App.—Fort Worth 1989, pet. ref’d).
        In 
the instant case, at the time of the plea, no issue was raised as to Denton’s 
mental competency. However, the trial court specifically asked defense counsel 
if Denton was competent to stand trial prior to accepting Denton’s plea of 
guilty. In response, counsel assured the trial court that he believed Denton to 
be competent because he had been able to assist in his defense.
        The 
trial court also had the opportunity to discuss Denton’s guilty plea with him 
and to observe Denton throughout the proceedings. In the court’s charge and 
the judgment, the trial court expressly stated that Denton was mentally 
competent at the time he entered his guilty plea. Such recitations in the charge 
and judgments raise a strong presumption that the trial court believed Denton 
was competent at the time he entered his plea. See Rachuig v. State, 972 
S.W.2d 170, 177 (Tex. App.—Waco 1998, pet. ref’d). Moreover, at the time of 
trial, Denton failed to object to the court’s competency findings in the jury 
charge.
        After 
reviewing the record, we have found no evidence controverting the trial 
court’s competency findings. As a result, we conclude that the trial court’s 
inquiry into Denton’s mental competence was sufficient to satisfy article 
26.13(b). Tex. Code Crim. Proc. Ann. 
art. 26.13(b). Therefore, because Denton has failed to demonstrate that his 
guilty plea was involuntary, we overrule his sole point, and affirm the trial 
court’s judgments.
 
                                                                  PER 
CURIAM
 
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.