Keith Alan Denton v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-02-467-CR

2-02-468-CR

KEITH ALAN DENTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Keith Alan Denton appeals his two convictions for aggravated sexual assault of a child under fourteen years of age.  Denton pleaded guilty before a jury to both counts, and the jury assessed punishment at life imprisonment for each count.  In one point, Denton contends that his guilty plea was involuntary due to the trial court’s failure to comply with article 26.13 of the Texas Code of Criminal Procedure.  We will affirm.

Denton complains that he was not properly admonished regarding the possibility of deportation and the requirement that he would have to register as a sex offender due to his guilty plea.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4), (5) (Vernon Supp. 2004).  In addition, he complains that the trial court failed to determine that he was competent to enter his guilty plea.

Pursuant to article 26.13(a) of the Texas Code of Criminal Procedure, before accepting a guilty plea, the trial court must admonish the defendant, orally or in writing, of the range of punishment, the possibility of deportation, and the fact that the defendant will be required to register as a sex offender, if applicable.  
Id
. art. 26.13(a)(1)-(5), (d).  
The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered.  
Aguirre-Mata v. State
, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999).  Thus, a trial court commits nonconstitutional error when it fails to admonish a defendant on one of the statutorily required admonishments.  
Id.
; 
Carranza v. State
, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998).

Nonconstitutional error is to be disregarded, unless it affects a substantial right of the appellant.  
Tex. R. App. 44.2
(b); 
Alvarez v. State
, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.); 
Anderson v. State
, 62 S.W.3d 304, 306 (Tex. App.—Fort Worth 2001, pet. filed).
 
 A substantial right is affected under these circumstances only if the appellant was unaware of the consequences of his plea and was misled or harmed by the admonishment of the trial court.  
Alvarez
, 63 S.W.3d at 582-83; 
Anderson
, 62 S.W.3d at 307.  We assess the harm to appellant, if any, after reviewing the record.
  
Alvarez
, 63 S.W.3d at 583; 
Anderson
, 62 S.W.3d at 306.

As a general rule, if a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render the plea involuntary.  
State v. Jimenez
, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 1999).  In 
Alvarez 
and
 Anderson
, we concluded that the sex offender registration requirement under article 26.13(a)(5) is only a collateral consequence of a guilty plea, and a trial court's failure to admonish an appellant regarding registration, alone, does not invalidate a plea. 
 Alvarez
, 63 S.W.3d at 582; 
Anderson
, 62 S.W.3d at 307.  Additionally, the deportation consequence of a guilty plea is generally considered a collateral consequence. 
Jimenez
, 987 S.W.2d at 888-89.

Applying the above standard, we conclude that Denton’s substantial rights were not affected by the trial court’s failure to comply with article 26.13 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4), (5).  
The evidence in this case demonstrates that Denton admitted to sexually assaulting A.S., a child under the age of fourteen.  At trial, he indicated that he understood the range of punishment for the offense.  He also indicated that he was aware that the trial court would instruct the jury to find him guilty as a result of his plea and that the jury would assess his punishment accordingly.

Our review of the record reveals no evidence indicating that Denton was unaware of the sex offender registration requirement, or that he would not have pleaded guilty if the trial court had properly admonished him regarding registration.  
See Alvarez
, 
63 S.W.3d at 583; 
Anderson
, 62 S.W.3d at 307.  In fact, the record indicates that Denton was aware of the sex offender registration requirement and actually offered the requirement as a basis for granting him probation.

Moreover, there is no evidence in the record demonstrating that Denton was misled or harmed by the trial court’s failure to admonish him concerning the possibility of deportation.  At trial, Denton never asserted that he was not a United States citizen, and no evidence in the record suggests he is not.  In addition, Denton failed to file a motion for new trial claiming that he was subject to deportation based on his guilty plea.  Therefore, in light of the absence of evidence in the record demonstrating that Denton was unaware of the consequences of his pleas or that he was misled or harmed by the trial court's admonishment, we conclude the trial court's failure to admonish him  regarding the registration requirement and the possibility of deportation was harmless error.  
See Alvarez
, 
63 S.W.3d at 583; 
Anderson
, 62 S.W.3d at 307.

Denton also complains that the trial court erred by failing to inquire into his competency to stand trial as required under article 26.13(b) of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(b). Pursuant to article 26.13(b), a trial court is not permitted to accept a defendant’s guilty plea “unless it appears that the defendant is mentally competent and the plea is free and voluntary.”  
Id
.  However, unless the issue of mental competency is raised at the time the plea is made, the trial court need not inquire into the defendant’s mental competency, and it is not error to accept the plea.  
Kuyava v. State
, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976)
; Hall v. State
, 935 S.W.2d 852, 855-56 (Tex. App.—San Antonio 1996, no pet.); 
Kinnard v. State
, 767 S.W.2d 916, 919 (Tex. App.—Fort Worth 1989, pet. ref’d).

In the instant case, at the time of the plea, no issue was raised as to Denton’s mental competency.  However, the trial court specifically asked defense counsel if Denton was competent to stand trial prior to accepting Denton’s plea of guilty.  In response, counsel assured the trial court that he believed Denton to be competent because he had been able to assist in his defense.

The trial court also had the opportunity to discuss Denton’s guilty plea with him and to observe Denton throughout the proceedings.  In the court’s charge and the judgment, the trial court expressly stated that Denton was mentally competent at the time he entered his guilty plea.  Such recitations in the charge and judgments raise 
a strong presumption that the trial court believed Denton was competent at the time he entered his plea. 
 See Rachuig v. State
, 972 S.W.2d 170, 177 (Tex. App.—Waco 1998, pet. ref’d).  Moreover, at the time of trial, Denton failed to object to the court’s competency findings in the jury charge.  

After reviewing the record, we have found no evidence controverting the trial court’s competency findings.  As a result, we conclude that the trial court’s inquiry into Denton’s mental competence was sufficient to satisfy article 26.13(b).  
Tex. Code Crim. Proc. Ann.
 art. 26.13(b).  Therefore, because Denton has failed to demonstrate that his guilty plea was involuntary, we overrule his sole point, and affirm the trial court’s judgments.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.