COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

NATHANIEL RAY SMITH,                                      No. 08-11-00167-CR

§

Appellant,                                      Appeal from

§

v.                                      355th District Court

§

THE STATE OF TEXAS,                                      of Hood County, Texas

§

Appellee.                                      (TC # CR11587)

§

## O P I N I O N

Nathaniel Ray Smith appeals his guilty plea to one count of aggravated sexual assault of a child. A jury assessed Appellant's punishment at a term of forty-five years' confinement and a fine of $5,000. In four issues on appeal, Appellant contends the trial court committed reversible error by: (1) failing to properly admonish him as to the consequences of his guilty plea; (2) denying his motion for mistrial due to an allegedly tainted juror; (3) denying his motion for continuance; and (4) sustaining the State's objection to relevance during the punishment phase. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

On June 2, 2010, Appellant was charged in a three-count indictment with committing three different offenses against a minor child, TM12. Prior to voir dire, Appellant entered a plea of guilty to aggravated sexual assault with a child as alleged in Count One. In exchange for this guilty plea, the State agreed to drop the charges alleged in Counts Two and Three. The trial court admonished Appellant regarding the consequences of his guilty plea and then specifically questioned Appellant's trial counsel as to whether she believed that Appellant, "freely,

voluntarily, and knowingly, intelligently chang[ed] his plea to Count [One] from that of not guilty to guilty." Finding the answers satisfactory, the trial court agreed that Appellant was mentally competent to change his plea to guilty and that Appellant did so "freely and voluntarily and knowingly and intelligently." Accordingly, the trial court accepted Appellant's guilty plea and the case proceeded to voir dire.[1]

After voir dire but before the beginning of the trial on punishment, Juror Fullerton, notified the trial court that she had received an e-mail from the school at which she works stating that TM12 would be absent and in court.[2] The defense sought a mistrial on the basis that the e-mail tainted Fullerton. Defense counsel also asked the court for permission to question Fullerton regarding the origin of the e-mail. The trial court granted counsel's request to question Fullerton and subsequently denied a mistrial.

Also prior to trial, defense counsel orally re-urged one ground alleged in a written motion for continuance which the trial court denied by written order the previous day. Specifically, counsel expressed her need to more thoroughly examine the Child Protective Services and the Child Advocacy Center records to adequately prepare for trial. The trial court again denied the motion for continuance.

The case proceeded to a trial on punishment, and, after hearing all the evidence, the jury assessed Appellant's punishment at forty-five years' confinement and a $5,000 fine. For the following reasons, we affirm.

**FAILURE TO ADMONISH**

---

[1] A few days before trial, on March 17, 2011, Appellant filed a motion for continuance based in part on defense counsel's alleged inability to adequately prepare for trial because she had not been provided with all of the necessary records from Child Protective Services and the Child Advocacy Center.

[2] Fullerton testified that at some point during the voir dire process she heard a name with the same last name as TM12 but a slightly different first name.

In Issue One, Appellant complains of the trial court's failure to admonish him that he would be required to register as a sex offender if he pled guilty to the offense of sexual assault of a child. According to Appellant, nothing in the record indicates his awareness of the registration requirement or that he would have been willing to plead guilty had he been aware of such requirement. Therefore, Appellant contends that the trial court committed harmful, reversible error in failing to properly admonish him as to the "direct consequence" of his plea.

Article 26.13 of the Texas Code of Criminal Procedure states in relevant part:

> Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: . . . the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(5)(West 2009). It is undisputed that although the trial court gave several admonishments prior to accepting the guilty plea, the court did not admonish Appellant about the sex offender registration requirement in accordance with Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. art. 26.13. However, Article 26.13(h) provides that "[t]he failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea." *Id.* art. 26.13(h); *see also James v. State*, 258 S.W.3d 315, 318 (Tex.App.--Austin 2008, pet. dism'd)(stating "the legislature, by amending article 26.13(h), has foreclosed the relief [appellant] now requests on appeal").

We believe the plain language of the statute renders this argument invalid. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(h); *see also James*, 258 S.W.3d at 317 ("Because [appellant's] sole complaint about his plea in the sexual assault case is the court's failure to admonish him concerning the sex offender registration requirement, we resolve [appellant's]

third issue against him."), *quoting Standifer v. State*, No. 05-06-00078-CR, 2006 WL 3057903, *2 (Tex.App.--Dallas Oct. 30, 2006, no pet.)(mem. op., not designated for publication).

Even if we were inclined to address the merits of his claim solely under the requirements of Article 26.13(a), Appellant would not be entitled to relief. A trial court's failure to admonish a defendant under Article 26.13(a) is non-constitutional error. *See Aguirre-Mata v. State*, 992 S.W.2d 495, 498-99 (Tex.Crim.App. 1999) *and Carranza v. State*, 980 S.W.2d 653, 655-56 (Tex.Crim.App. 1998)(cases noting that the purpose and function of the admonishments under Article 26.13(a) are to assist the trial court in determining whether a guilty plea is entered knowingly and voluntarily and that such admonishments are not constitutionally required. Therefore a trial court commits only non-constitutional error when it fails to admonish a defendant on one of these statutorily required admonishments). Such errors will be disregarded unless they affect a substantial right. *See* TEX.R.APP.P. 44.2(b). Despite Appellant's characterization of the sex offender registration requirement under Article 26.13(a)(5) as a *direct* consequence of his guilty plea, the requirement is only a *collateral* consequence such that failure to admonish Appellant regarding registration, standing alone, does not invalidate his plea. *See Lopez v. State*; 71 S.W.3d 511, 515 (Tex.App.--Fort Worth 2002, no pet.); *Alvarez v. State*, 63 S.W.3d 578, (Tex.App.--Fort Worth 2001, no pet); *Anderson v. State*, 62 S.W.3d 304 (Tex.App.--Fort Worth 2001, pet. granted), *aff'd by* 182 S.W.3d 914 (Tex.Crim.App. 2001).

Although only a collateral consequence, "a serious collateral consequence, a substantial right is affected under these circumstances only if the appellant was unaware of the consequences of his plea and was misled or harmed by the admonishment of the trial court." *Lopez*, 71 S.W.3d at 516, *citing Alvarez*, 63 S.W.3d at 583; *Anderson*, 62 S.W.3d at 307; *Carranza*, 980 S.W.2d at 658; *Torres v. State*, 59 S.W.3d 365, 368 (Tex.App.--Houston [1st

Dist.] 2001, no pet.); *Thompson v. State*, 59 S.W.3d 802, 807 (Tex.App.--Texarkana 2001, pet. filed); and *Ducker v. State*, 45 S.W.3d 791, 793–96 (Tex.App.--Dallas 2001, no pet.). In assessing any harm, we review the entire record. *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App. 2001). The record demonstrates that Appellant admitted to sexually assaulting TM12. Appellant understood the charges against him and the consequences of his guilty plea. He was aware of the punishment range associated with the offense and that, upon a finding of guilt, he would be sentenced within that range. The trial court found Appellant freely, voluntarily, intelligently, and knowingly entered his plea of guilty. By entering a plea of guilty as to Count One, the State agreed to drop the remaining two counts. Nothing suggests that Appellant was unaware of the registration requirement or that he would not have pled guilty if the trial court had properly admonished him regarding registration. *See Lopez*, 71 S.W.3d at 516; *Alvarez*, 63 S.W.3d at 583; *Anderson*, 62 S.W.3d at 307. We conclude that Appellant's substantial rights were not affected by the trial court's failure to comply with Article 26.13(a)(5). We overrule Issue One.

## MOTION FOR MISTRIAL

In Issue Two, Appellant complains that the trial court erred when it denied his motion for mistrial. He contends that Juror Fullerton withheld material information during voir dire and should have been disqualified from serving. The crux of the issue is the materiality of the information received by Juror Fullerton. .

We review the trial court's denial of a motion for mistrial under an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). If the trial court's ruling was within the zone of reasonable

disagreement, then there is no abuse of discretion and we must uphold the trial court's decision. *Sanders v. State*, 255 S.W.3d 754, 758 (Tex.App.--Fort Worth 2008, pet. ref'd).

On March 21, 2011, the parties conducted and concluded voir dire. At the end of the day, the juror selection process was completed. Fullerton was among those selected and sat on the jury. The following day, the proceedings began with defense counsel moving for a mistrial as follows:

PROCEEDINGS

THE COURT: Ms. Perkins?

MS. PERKINS [DEFENSE COUNSEL]: Your Honor, on behalf of the Defendant, Nathan Smith, we move for mistrial on the basis that there's been a taint to a jury member, Ms. Fullerton, who has communicated to an officer of the Court that she received an e-mail concerning one of the prospective witnesses in this case. We believe that this juror has been tainted, Your Honor, and at the Defense's hesitation, we need to question this witness as to the origin of that e-mail.

THE COURT: You want to question the juror?

MS. PERKINS: The juror, Your Honor.

THE COURT: All right. Continue.

MS. PERKINS: And on that basis, we move for the mistrial.

At defense counsel's request, the trial judge cleared the court room and Fullerton was brought to the witness stand. Fullerton testified that the prior afternoon, after returning to work from voir dire, she received an e-mail from the attendance secretary at her school stating "that a student from my campus would be out with excused absences for a couple of days going to court." Fullerton said that the name of the student was "very similar to a name that was mentioned yesterday when I was here." She did not know the student, but because she name was very similar to the name mentioned in voir dire, Fullerton "wanted to make sure it was okay to be on

the jury." When Fullerton reported for jury duty the next morning, she immediately informed the bailiff of the e-mail. She and the bailiff were the only two people in the hallway and that they were not close to anyone else.

> Q. [BY MS. PERKINS/DEFENSE COUNSEL]: And do you have any personal knowledge about this prospective witness?
>
> A. [BY JUROR FULLERTON]: No, ma'am.
>
> Q. Does anything in that experience, Ms. Fullerton, cause you to be biased towards the Government or towards the Defendant --
>
> A. No, ma'am.
>
> Q. -- in any way? Did you communicate to any of the other jurors that you had been contacted?
>
> A. No, ma'am.

The trial court then instructed Fullerton not to discuss anything about "these discussions that we've held" with any of the other jurors. Counsel for the defense then renewed her objections:

> Your Honor, I move to strike this witness [sic] on the basis that she has been tainted unfairly on the basis of my questioning here, and I'd like to bring it to the Court's attention that the State subpoenaed this witness and has now made characterizations as to his -- this juror's qualifications. We move for mistrial on that basis. We submit to the Court that all personal information about jurors under 3529 should be kept confidential by all parties. And on the basis of that, Your Honor, we think this witness is tainted, and we move for mistrial. I'm sorry, I misspoke. Not the witness, the juror.

The trial court denied the motion.

When a potential juror withholds material information during voir dire, the trial court's refusal to grant a motion for mistrial results in constitutional error. *See Lopez v. State*, 261 S.W.3d 103, 107 (Tex.App.--San Antonio 2008, pet. ref'd). When the withheld information is immaterial and the record does not reflect that an appellant has been deprived of an impartial jury or denied a fair trial, the trial court's denial of a motion for mistrial is not error. *Id.* To

- 7 -

determine materiality, we evaluate whether the withheld information would likely reveal the juror harbored a bias or prejudice to such a degree that the juror should have been excused from jury service. *Sypert v. State*, 196 S.W.3d 896, 900 (Tex.App.--Texarkana 2006, pet. ref'd).

In *Decker v. State*, the Court of Criminal Appeals addressed a similar situation:

> In the instant case, the record shows that Rich did not intentionally give false information during the voir dire examination. Rather, the record shows that Rich did not realize that he knew the complaining witness until he saw the complaining witness walk into the courtroom immediately before the trial was to commence, but after voir dire and jury selection had been completed. Upon recognizing the complaining witness, he immediately informed the trial court. Further, we find that the information was not *material*, in that the record shows that Rich's acquaintance with the complaining witness was only that--an acquaintance through employment. There was evidence that the two men had never socialized together or had any type of friendship. They merely worked at the same job site. [Emphasis in original].

*Decker v. State*, 717 S.W.2d 903, 907 (Tex.Crim.App. 1983)(op. on reh'g). The court ultimately found there was no showing that such relationship had any potential for prejudice or bias on the part of the juror. *See id.* at 907-08. Where the evidence indicates that there has never been any relationship between the juror and the witness, the potential for bias is even less. *See Lopez*, 261 S.W.3d at 108 (finding no potential for bias where no relationship existed between juror and complainant and juror "did not recognize the complainant's name and did not initially recognize him in person").

Here, Appellant asserts that the school-wide e-mail informed Fullerton that the victim of the sexual assault was one of her students and constituted bias as a matter of law. The record does not indicate any prior relationship between Fullerton and TM12. Fullerton did not withhold information during voir dire; instead, she truthfully denied having any knowledge about the potential witnesses at the time. It was only after voir dire that she became aware that a potential witness was a student in the school where she worked. This realization was the result of an

unsolicited, school-wide e-mail, not an independent realization that she had seen the potential witness before. Based on these facts, we hold that this after-the-fact realization did not constitute material information. *See Lopez*, 261 S.W.3d at 108; *Decker*, 717 S.W.2d at 907. We overrule Issue Two.

## MOTION FOR CONTINUANCE

In Issue Three, Appellant argues that the trial court erred in denying his motion for continuance because defense counsel did not have adequate time to investigate records from Child Protective Services and the Child Advocacy Center that were material to the defense and may have contained exculpatory evidence. Defense counsel made two different motions for continuance but we will address only his written motion as his oral motion preserved nothing for review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex.Crim.App. 2009)("[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.").

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex.Crim.App. 2007). To show reversible error predicated on the denial of a pretrial motion for continuance, an appellant must demonstrate both that the trial court erred in denying the motion and that the lack of the continuance harmed him. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex.Crim.App. 2010); *see also Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex.Crim.App. 1995)(holding "[a]bsent a showing of prejudice, we cannot hold that the trial court abused its discretion in overruling appellant's motion for continuance").

The Court of Criminal Appeals has addressed the denial of a motion for continuance based upon the need for additional trial preparation. In *Wright v. State*, the court held that the trial court did not err in overruling an appellant's motion for continuance "to afford his defense

expert an opportunity to review DNA analyses recently developed by the state's experts." *Wright v. State*, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000). There, the appellant had ample opportunity to request an expert, but did not do so until the first day of trial on the merits. *Id.* The court concluded that the appellant should not "be allowed to profit from his own failure to act." *Id.* at 533.

In *Gonzales v. State*, the court reiterated: "In essence, *Wright* injects a diligence requirement as a precondition for a continuance based upon the need for additional trial preparation." *Gonzales*, 304 S.W.3d at 843. Essentially, "that just means that the resolution of such a motion is *particularly* within the discretion of the trial court." *Id.* at 844 (internal quotations omitted).

Appellant filed a written motion for continuance four days before trial. While his oral motion did not preserve error, it is relevant to show diligence or lack thereof. The following exchange occurred at the trial court:

> DEFENSE COUNSEL: We reurge our motion for continuance on the basis that we haven't obtained the registered CPS regional office in Arlington, although that agency has a subpoena duces tecum from us. We submit to the Court that those records are material to our defense in showing this jury everything that is admissible upon prior consideration on punishment.
>
> .　　.　　.
>
> STATE: I would like to represent to the Court that those records have been in the State's file for months, even perhaps a year, and that those records have been available for the defense this entire time.
>
> .　　.　　.
>
> DEFENSE COUNSEL: With all due respect, Mr. Christian's office has given me an opportunity to look through his file at length, but every several days other things seem to appear in that file. And so we simply ask for a reasonable period of time in which to review those records and present those facts to the jury.

STATE:  And, Your Honor, I'll just state that these records were faxed in May of 2010, so it's not like they were just sprung on the defense a few days ago.

The trial court could reasonably have rejected Appellant's motion because it failed to address diligence.  *See Gonzales*, 304 S.W.3d at 843.  Furthermore, Appellant has not established a "specific prejudice to his cause arising from the trial court's failure to continue the trial." *Heiselbetz*, 906 S.W.2d at 511.  "This showing can ordinarily be made only at a hearing on a motion for new trial . . . ."  *Gonzales*, 304 S.W.3d at 842-43.  Appellant filed a motion for new trial but did not assert denial of a continuance as grounds therefor.  Because Appellant has not shown that denial of the continuance harmed him, we overrule Issue Three.[3]

**RELEVANCE OBJECTION**

In Issue Four, Appellant complains that the trial court erred in prohibiting his wife from testifying about the relationship between Appellant and his children.  The State objected on relevance grounds, and the trial court sustained the objection.  .

Rulings on relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion.  *Sanders v. State*, 255 S.W.3d 754, 758 (Tex.App.--Fort Worth 2008, pet. ref'd).  If the trial court's ruling falls within the zone of reasonable disagreement, then there is no abuse of discretion, and we must uphold the trial court's ruling.  *Id.*

For a complaint concerning the exclusion of evidence to be considered by an appellate court, the record must show what the excluded testimony would have been.  *Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984).  The complaining party must comply with Rule 103 by

---

[3]  A recent case addressed an almost identical fact situation:  "[A]ppellant had received the CPS report in question during the week prior to trial. Having received the report before trial, the discovery of its contents falls outside the scope of 'some unexpected occurrence *since trial began*.'" [Emphasis in original].  *Reder v. State*, No. 07-07-0022-CR, 2008 WL 980909, at *1 (Tex.App.--Amarillo Apr. 10, 2008, no pet.)(mem. op.)(not designated for publication) (holding trial court did not abuse its discretion in denying motion for continuance that appellant stated was necessary so that he could flesh out the allegations in the CPS report that he believed were exculpatory).

making an offer of proof which sets forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex.Crim.App. 2009). Rule 103 states in relevant part:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

.   .   .

> In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.

Tex.R.Evid. 103(a)(2). To preserve error, an offer of proof, "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Warner v. State*, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998).

Appellant wholly failed to make an offer of proof detailing what the excluded evidence would have been. We thus have no basis for reviewing the contention that the trial court erred in excluding the evidence in question. *Hitt v. State*, 53 S.W.3d 697, 708 (Tex.App.--Austin 2001, pet. ref'd). Accordingly, we "cannot decide whether evidence [was] improperly excluded unless the evidence is included in the record for review." *Moreno Denoso v. State*, 156 S.W.3d 166, 177 (Tex.App.--Corpus Christi 2005, pet. ref'd). We overrule Issue Four and affirm the judgment of the trial court.

October 31, 2012

_____

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)