COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 NATHANIEL RAY SMITH,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00167-CR
  
                          Appeal from
  
 355th District
 Court
  
 of Hood County,
 Texas
  
 (TC # CR11587)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Nathaniel
Ray Smith appeals his guilty plea to one count of aggravated sexual assault of
a child.  A jury assessed Appellant’s
punishment at a term of forty-five years’ confinement and a fine of $5,000.  In four issues on appeal, Appellant contends
the trial court committed reversible error by:  (1) failing to properly admonish him as to the
consequences of his guilty plea; (2) denying his motion for mistrial due to an
allegedly tainted juror; (3) denying his motion for continuance; and (4)
sustaining the State’s objection to relevance during the punishment phase.  For the reasons that follow, we affirm. 

FACTUAL SUMMARY

On
June 2, 2010, Appellant was charged in a three-count indictment with committing
three different offenses against a minor child, TM12.  Prior to voir dire, Appellant entered a plea
of guilty to aggravated sexual assault with a child as alleged in Count One.  In exchange for this guilty plea, the State
agreed to drop the charges alleged in Counts Two and Three.  The trial court admonished Appellant
regarding the consequences of his guilty plea and then specifically questioned
Appellant’s trial counsel as to whether she believed that Appellant, “freely,
voluntarily, and knowingly, intelligently chang[ed] his plea to Count [One]
from that of not guilty to guilty.” 
Finding the answers satisfactory, the trial court agreed that Appellant
was mentally competent to change his plea to guilty and that Appellant did so “freely
and voluntarily and knowingly and intelligently.”  Accordingly, the trial court accepted
Appellant’s guilty plea and the case proceeded to voir dire.[1]   

After
voir dire but before the beginning of the trial on punishment, Juror Fullerton,
notified the trial court that she had received an e-mail from the school at
which she works stating that TM12 would be absent and in court.[2]  The defense sought a mistrial on the basis
that the e-mail tainted Fullerton. 
Defense counsel also asked the court for permission to question Fullerton
regarding the origin of the e-mail.  The
trial court granted counsel’s request to question Fullerton and subsequently
denied a mistrial.  

Also
prior to trial, defense counsel orally re-urged one ground alleged in a written
motion for continuance which the trial court denied by written order the
previous day.  Specifically, counsel expressed
her need to more thoroughly examine the Child Protective Services and the Child
Advocacy Center records to adequately prepare for trial.  The trial court again denied the motion for
continuance.  

The
case proceeded to a trial on punishment, and, after hearing all the evidence, the
jury assessed Appellant’s punishment at forty-five years’ confinement and a
$5,000 fine.  For the following reasons,
we affirm.

FAILURE TO ADMONISH 

In
Issue One, Appellant complains of the trial court’s failure to admonish him
that he would be required to register as a sex offender if he pled guilty to
the offense of sexual assault of a child. 
According to Appellant, nothing in the record indicates his awareness of
the registration requirement or that he would have been willing to plead guilty
had he been aware of such requirement. 
Therefore, Appellant contends that the trial court committed harmful,
reversible error in failing to properly admonish him as to the “direct
consequence” of his plea.  

            Article 26.13 of the Texas Code of
Criminal Procedure states in relevant part: 


Prior to accepting a
plea of guilty or a plea of nolo contendere, the court shall admonish the
defendant of: . . . the fact that the defendant will be required to meet the
registration requirements of Chapter 62, if the defendant is convicted of or
placed on deferred adjudication for an offense for which a person is subject to
registration under that chapter. 

 

Tex.Code Crim.Proc.Ann. art.
26.13(a)(5)(West 2009).  It is undisputed
that although the trial court gave several admonishments prior to accepting the
guilty plea, the court did not admonish Appellant about the sex offender
registration requirement in accordance with Article 26.13 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim.Proc.Ann.
art. 26.13.  However, Article 26.13(h) provides
that “[t]he failure of the court to comply with Subsection (a)(5) is not a
ground for the defendant to set aside the conviction, sentence, or plea.”  Id.
art. 26.13(h); see also James v. State,
258 S.W.3d 315, 318 (Tex.App.--Austin 2008, pet. dism’d)(stating “the
legislature, by amending article 26.13(h), has foreclosed the relief [appellant]
now requests on appeal”). 

            We believe the plain language of the
statute renders this argument invalid.  See Tex.Code
Crim.Proc.Ann. art. 26.13(h); see
also James, 258 S.W.3d at 317 (“Because [appellant’s] sole complaint about
his plea in the sexual assault case is the court’s failure to admonish him
concerning the sex offender registration requirement, we resolve [appellant’s]
third issue against him.”), quoting
Standifer v. State, No. 05-06-00078-CR, 2006 WL 3057903, *2
(Tex.App.--Dallas Oct. 30, 2006, no pet.)(mem. op., not designated for
publication). 

Even
if we were inclined to address the merits of his claim solely under the
requirements of Article 26.13(a), Appellant would not be entitled to
relief.  A trial court’s failure to
admonish a defendant under Article 26.13(a) is non-constitutional error.  See
Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex.Crim.App. 1999) and Carranza
v. State, 980 S.W.2d 653, 655-56 (Tex.Crim.App. 1998)(cases noting that the
purpose and function of the admonishments under Article 26.13(a) are to assist
the trial court in determining whether a guilty plea is entered knowingly and
voluntarily and that such admonishments are not constitutionally required.  Therefore a trial court commits only
non-constitutional error when it fails to admonish a defendant on one of these
statutorily required admonishments).  Such
errors will be disregarded unless they affect a substantial right.  See Tex.R.App.P. 44.2(b).  Despite Appellant’s characterization of the
sex offender registration requirement under Article 26.13(a)(5) as a direct consequence of his guilty plea,
the requirement is only a collateral consequence
such that failure to admonish Appellant regarding registration, standing alone,
does not invalidate his plea.  See Lopez v. State; 71 S.W.3d 511, 515
(Tex.App.--Fort Worth 2002, no pet.); Alvarez
v. State, 63 S.W.3d 578, (Tex.App.--Fort Worth 2001, no pet); Anderson v. State, 62 S.W.3d 304 (Tex.App.--Fort
Worth 2001, pet. granted), aff’d by
182 S.W.3d 914 (Tex.Crim.App. 2001).  

Although
only a collateral consequence, “a serious collateral consequence, a substantial
right is affected under these circumstances only if the appellant was unaware
of the consequences of his plea and was misled or harmed by the admonishment of
the trial court.”  Lopez, 71 S.W.3d at 516, citing
Alvarez, 63 S.W.3d at 583; Anderson, 62 S.W.3d at 307; Carranza, 980 S.W.2d at 658; Torres v. State, 59 S.W.3d 365, 368
(Tex.App.--Houston [1st Dist.] 2001, no pet.); Thompson v. State, 59 S.W.3d 802, 807 (Tex.App.--Texarkana 2001,
pet. filed); and Ducker v. State, 45
S.W.3d 791, 793–96 (Tex.App.--Dallas 2001, no pet.).  In assessing any harm, we review the entire
record.  Johnson v. State, 43 S.W.3d 1, 5 (Tex.Crim.App. 2001).  The record demonstrates that Appellant
admitted to sexually assaulting TM12. 
Appellant understood the charges against him and the consequences of his
guilty plea.  He was aware of the
punishment range associated with the offense and that, upon a finding of guilt,
he would be sentenced within that range. 
The trial court found Appellant freely, voluntarily, intelligently, and
knowingly entered his plea of guilty.  By
entering a plea of guilty as to Count One, the State agreed to drop the
remaining two counts.  Nothing suggests that
Appellant was unaware of the registration requirement or that he would not have
pled guilty if the trial court had properly admonished him regarding
registration.  See Lopez, 71 S.W.3d at 516; Alvarez,
63 S.W.3d at 583; Anderson, 62 S.W.3d
at 307.  We conclude that Appellant’s
substantial rights were not affected by the trial court’s failure to comply
with Article 26.13(a)(5).  We overrule
Issue One.

MOTION FOR MISTRIAL

            In Issue Two, Appellant complains
that the trial court erred when it denied his motion for mistrial.  He contends that Juror Fullerton withheld
material information during voir dire and should have been disqualified from
serving.  The crux of the issue is the
materiality of the information received by Juror Fullerton.  . 

            We review the trial court’s denial
of a motion for mistrial under an abuse of discretion standard.  Webb v.
State, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000).  If the trial court’s ruling was within the
zone of reasonable disagreement, then there is no abuse of discretion and we
must uphold the trial court’s decision.  Sanders v. State, 255 S.W.3d 754, 758
(Tex.App.--Fort Worth 2008, pet. ref’d).

            On March 21, 2011, the parties
conducted and concluded voir dire.  At
the end of the day, the juror selection process was completed.  Fullerton was among those selected and sat on
the jury.  The following day, the
proceedings began with defense counsel moving for a mistrial as follows: 

PROCEEDINGS

 

THE COURT:  Ms. Perkins? 

 

MS. PERKINS [DEFENSE
COUNSEL]:  Your Honor, on behalf of the
Defendant, Nathan Smith, we move for mistrial on the basis that there’s been a taint
to a jury member, Ms. Fullerton, who has communicated to an officer of the
Court that she received an e-mail concerning one of the prospective witnesses
in this case.  We believe that this juror
has been tainted, Your Honor, and at the Defense’s hesitation, we need to
question this witness as to the origin of that e-mail. 

 

THE COURT:  You want to question the juror?  

 

MS. PERKINS:  The juror, Your Honor.  

 

THE COURT:  All right. 
Continue.  

 

MS. PERKINS:  And on that basis, we move for the mistrial.  

 

At defense
counsel’s request, the trial judge cleared the court room and Fullerton was
brought to the witness stand.  Fullerton
testified that the prior afternoon, after returning to work from voir dire, she
received an e-mail from the attendance secretary at her school stating “that a
student from my campus would be out with excused absences for a couple of days
going to court.” Fullerton said that the name of the student was “very similar
to a name that was mentioned yesterday when I was here.”  She did not know the student, but because she
name was very similar to the name mentioned in voir dire, Fullerton “wanted to
make sure it was okay to be on the jury.” 
When Fullerton reported for jury duty the next morning, she immediately
informed the bailiff of the e-mail.  She
and the bailiff were the only two people in the hallway and that they were not
close to anyone else.  

Q. [BY MS.
PERKINS/DEFENSE COUNSEL]:  And do you
have any personal knowledge about this prospective witness?

 

A. [BY JUROR FULLERTON]:
 No, ma’am.

 

Q.  Does anything in that experience, Ms.
Fullerton, cause you to be biased towards the Government or towards the Defendant
-- 

 

A.  No, ma’am.

 

Q.  -- in any way? Did you communicate to any of
the other jurors that you had been contacted?

 

A.  No, ma’am.

 

The trial court
then instructed Fullerton not to discuss anything about “these discussions that
we’ve held” with any of the other jurors. 
Counsel for the defense then renewed her objections: 

Your Honor, I move
to strike this witness [sic] on the basis that she has been tainted unfairly on
the basis of my questioning here, and I’d like to bring it to the Court’s
attention that the State subpoenaed this witness and has now made
characterizations as to his -- this juror’s qualifications.  We move for mistrial on that basis.  We submit to the Court that all personal
information about jurors under 3529 should be kept confidential by all parties.  And on the basis of that, Your Honor, we
think this witness is tainted, and we move for mistrial.  I’m sorry, I misspoke.  Not the witness, the juror. 

 

The trial court
denied the motion.   

When
a potential juror withholds material information during voir dire, the trial
court’s refusal to grant a motion for mistrial results in constitutional
error.  See Lopez v. State, 261 S.W.3d 103, 107 (Tex.App.--San Antonio
2008, pet. ref’d).  When the withheld
information is immaterial and the record does not reflect that an appellant has
been deprived of an impartial jury or denied a fair trial, the trial court’s
denial of a motion for mistrial is not error. 
Id.  To determine materiality, we evaluate whether
the withheld information would likely reveal the juror harbored a bias or
prejudice to such a degree that the juror should have been excused from jury
service.  Sypert v. State, 196 S.W.3d 896, 900 (Tex.App.--Texarkana 2006,
pet. ref’d). 

In
Decker v. State, the Court of Criminal
Appeals addressed a similar situation: 

In the instant case,
the record shows that Rich did not intentionally give false information during
the voir dire examination.  Rather, the
record shows that Rich did not realize that he knew the complaining witness
until he saw the complaining witness walk into the courtroom immediately before
the trial was to commence, but after voir dire and jury selection had been
completed.  Upon recognizing the
complaining witness, he immediately informed the trial court.  Further, we find that the information was not material, in that the record shows that
Rich’s acquaintance with the complaining witness was only that--an acquaintance
through employment.  There was evidence
that the two men had never socialized together or had any type of friendship.  They merely worked at the same job site.   [Emphasis in original].

 

Decker v. State, 717 S.W.2d 903, 907
(Tex.Crim.App. 1983)(op. on reh’g).  The
court ultimately found there was no showing that such relationship had any
potential for prejudice or bias on the part of the juror.  See id.
at 907-08.  Where the evidence
indicates that there has never been any relationship between the juror and the
witness, the potential for bias is even less. 
See Lopez, 261 S.W.3d at 108 (finding no potential for bias where no
relationship existed between juror and complainant and juror “did not recognize
the complainant’s name and did not initially recognize him in person”).

Here,
Appellant asserts that the school-wide e-mail informed Fullerton that the
victim of the sexual assault was one of her students and constituted bias as a
matter of law.  The record does not
indicate any prior relationship between Fullerton and TM12.  Fullerton did not withhold information during
voir dire; instead, she truthfully denied having any knowledge about the
potential witnesses at the time.  It was
only after voir dire that she became aware that a potential witness was a
student in the school where she worked. 
This realization was the result of an unsolicited, school-wide e-mail,
not an independent realization that she had seen the potential witness
before.  Based on these facts, we hold
that this after-the-fact realization did not constitute material
information.  See Lopez, 261 S.W.3d at 108; Decker,
717 S.W.2d at 907.  We overrule Issue
Two. 

MOTION FOR CONTINUANCE

            In Issue Three, Appellant argues
that the trial court erred in denying his motion for continuance because
defense counsel did not have adequate time to investigate records from Child
Protective Services and the Child Advocacy Center that were material to the
defense and may have contained exculpatory evidence.  Defense counsel made two different motions
for continuance but we will address only his written motion as his oral motion
preserved nothing for review.  See Anderson v. State, 301 S.W.3d 276,
279 (Tex.Crim.App. 2009)(“[I]f a party makes an unsworn oral motion for a continuance
and the trial judge denies it, the party forfeits the right to complain about
the judge’s ruling on appeal.”).

We
review a trial court’s ruling on a motion for continuance for an abuse of discretion.
 Gallo
v. State, 239 S.W.3d 757, 764 (Tex.Crim.App. 2007).  To show reversible error predicated on the
denial of a pretrial motion for continuance, an appellant must demonstrate both
that the trial court erred in denying the motion and that the lack of the
continuance harmed him.  Gonzales v. State, 304 S.W.3d 838, 843
(Tex.Crim.App. 2010); see also Heiselbetz
v. State, 906 S.W.2d 500, 512 (Tex.Crim.App. 1995)(holding “[a]bsent a
showing of prejudice, we cannot hold that the trial court abused its discretion
in overruling appellant’s motion for continuance”).

            The Court of Criminal Appeals has
addressed the denial of a motion for continuance based upon the need for
additional trial preparation.  In Wright v. State, the court held that the
trial court did not err in overruling an appellant’s motion for continuance “to
afford his defense expert an opportunity to review DNA analyses recently
developed by the state’s experts.”  Wright v. State, 28 S.W.3d 526, 532
(Tex.Crim.App. 2000).  There, the
appellant had ample opportunity to request an expert, but did not do so until
the first day of trial on the merits.  Id.  The court concluded that the appellant should
not “be allowed to profit from his own failure to act.”  Id.
at 533. 

In
Gonzales v. State, the court reiterated:
 “In essence, Wright injects a diligence requirement as a precondition for a
continuance based upon the need for additional trial preparation.”  Gonzales,
304 S.W.3d at 843.  Essentially, “that
just means that the resolution of such a motion is particularly within the discretion of the trial court.”  Id.
at 844 (internal quotations omitted).  

Appellant
filed a written motion for continuance four days before trial.  While his oral motion did not preserve error,
it is relevant to show diligence or lack thereof. The following exchange
occurred at the trial court:

DEFENSE COUNSEL:  We reurge our motion for continuance on the
basis that we haven’t obtained the registered CPS regional office in Arlington,
although that agency has a subpoena duces tecum from us. We submit to the Court
that those records are material to our defense in showing this jury everything
that is admissible upon prior consideration on punishment.

 

.          .          .

 

STATE:  I would like to represent to the Court that
those records have been in the State’s file for months, even perhaps a year,
and that those records have been available for the defense this entire time. 

 

.          .          .

 

DEFENSE COUNSEL:  With all due respect, Mr. Christian’s office
has given me an opportunity to look through his file at length, but every
several days other things seem to appear in that file. And so we simply ask for
a reasonable period of time in which to review those records and present those
facts to the jury.

 

STATE:  And, Your Honor, I’ll just state that these
records were faxed in May of 2010, so it’s not like they were just sprung on
the defense a few days ago.

 

The
trial court could reasonably have rejected Appellant’s motion because it failed
to address diligence.  See Gonzales, 304 S.W.3d at 843.  Furthermore, Appellant has not established a “specific
prejudice to his cause arising from the trial court’s failure to continue the
trial.”  Heiselbetz, 906 S.W.2d at 511.  “This showing can ordinarily be made only at a
hearing on a motion for new trial . . . .”  Gonzales,
304 S.W.3d at 842-43.  Appellant filed a
motion for new trial but did not assert denial of a continuance as grounds
therefor.  Because Appellant has not
shown that denial of the continuance harmed him, we overrule Issue Three.[3] 

RELEVANCE OBJECTION

In
Issue Four, Appellant complains that the trial court erred in prohibiting his
wife from testifying about the relationship between Appellant and his children.  The State objected on relevance grounds, and
the trial court sustained the objection.  . 

            Rulings on relevance should be left
largely to the trial court, relying on its own observations and experience, and
will not be reversed absent an abuse of discretion.  Sanders
v. State, 255 S.W.3d 754, 758 (Tex.App.--Fort Worth 2008, pet. ref’d).  If the trial court’s ruling falls within the
zone of reasonable disagreement, then there is no abuse of discretion, and we
must uphold the trial court’s ruling.  Id. 

For
a complaint concerning the exclusion of evidence to be considered by an
appellate court, the record must show what the excluded testimony would have
been.  Stewart v. State, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984).  The complaining party must comply with Rule 103
by making an offer of proof which sets forth the substance of the proffered
evidence.  Mays v. State, 285 S.W.3d 884, 889 (Tex.Crim.App. 2009).  Rule 103 states in relevant part:

Error may not be
predicated upon a ruling which admits or excludes evidence unless a substantial
right of the party is affected, and 

 

.          .          .

 

In case the ruling
is one excluding evidence, the substance of the evidence was made known to the
court by offer, or was apparent from the context within which questions were
asked.

 

Tex.R.Evid. 103(a)(2).  To preserve error, an offer of proof, “must
include a reasonably specific summary of the evidence offered and must state
the relevance of the evidence unless the relevance is apparent, so that the
court can determine whether the evidence is relevant and admissible.”  Warner
v. State, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998).

            Appellant wholly failed to make an
offer of proof detailing what the excluded evidence would have been.  We thus have no basis for reviewing the
contention that the trial court erred in excluding the evidence in question.  Hitt v.
State, 53 S.W.3d 697, 708 (Tex.App.--Austin 2001, pet. ref’d).  Accordingly, we “cannot decide whether
evidence [was] improperly excluded unless the evidence is included in the
record for review.”  Moreno Denoso v. State, 156 S.W.3d 166, 177 (Tex.App.--Corpus
Christi 2005, pet. ref’d).  We overrule
Issue Four and affirm the judgment of the trial court. 

 

October 31, 2012                                _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish) 

 











[1]  A few days
before trial, on March 17, 2011, Appellant filed a motion for continuance based
in part on defense counsel’s alleged inability to adequately prepare for trial
because she had not been provided with all of the necessary records from Child
Protective Services and the Child Advocacy Center. 





[2]  Fullerton
testified that at some point during the voir dire process she heard a name with
the same last name as TM12 but a slightly different first name.  





[3]  A recent case
addressed an almost identical fact situation:  “[A]ppellant had received the CPS report in
question during the week prior to trial. Having received the report before
trial, the discovery of its contents falls outside the scope of ‘some
unexpected occurrence since trial began.’”  [Emphasis in original].  Reder
v. State, No. 07-07-0022-CR, 2008 WL 980909, at *1 (Tex.App.--Amarillo Apr.
10, 2008, no pet.)(mem. op.)(not designated for publication) (holding trial
court did not abuse its discretion in denying motion for continuance that
appellant stated was necessary so that he could flesh out the allegations in
the CPS report that he believed were exculpatory).